A91A0211. DUNSON et al. v. GOLDEN et al.
(405 SE2d 332)

BANKE, Presiding Judge.

The appellants filed this action against the appellees on April 27, 1989, seeking to recover for injuries they had allegedly sustained in an automobile accident which had taken place on April 28, 1987. Service was not perfected on the appellees until October 24, 1989, some 30 months after the accident and some six months after the filing of the complaint. The appellees filed an answer on December 6, 1989, asserting, inter alia, that the claim was barred by the running of the statute of limitation. The trial court dismissed the case on that ground based on a determination that the appellants had failed to exercise due diligence in perfecting service upon the appellees, and this appeal followed.

Counsel for the appellants submitted his own affidavit as well as affidavits from two of his secretaries detailing their cumulative efforts to locate the appellees during the six-month period after the complaint was filed. The attorney stated that the service address provided in the complaint was the address contained in the accident report but that in May of 1989, "we were given an address [in Spalding County]." On the basis of that information, he filed a motion to transfer the case from Pike County, where it had been filed, to Spalding County. He averred that it was not until October of 1989 that he "received" the Henry County address at which the appellees were finally served later that month. One of the secretaries averred that after making some unsuccessful telephone inquiries as to the whereabouts of the appellees, she "turned the investigation over to [another secretary in the office]." The latter secretary averred that in July of 1989 she "called Clayton County to see if Harry Golden had a business license" and ultimately, "in early October," obtained the correct address from the appellees' insurance company. *Held*:

"Where an action is filed within the applicable limitation period but is not served upon the defendant within five days thereafter or within the limitation period, the plaintiff must establish that he acted in a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible; and if he is guilty of laches in this regard, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. [Cit.] The plaintiff has the burden of showing that due diligence was exercised. [Cits.] Ordinarily, '(t)he determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in

perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.' [Cit.]" *Shears v. Harris,* 196 Ga. App. 61-62 (395 SE2d 300) (1990).

The trial court based its determination that the appellants had failed to exercise diligence in obtaining the appellees' address, on findings that "the address was readily available from the defendants' insurer" and that there was "nothing to suggest that the defendants concealed themselves from plaintiffs or in any way hindered, obstructed or delayed service." The burden was on the appellants to show they had exercised due diligence to effect service as quickly as possible, and we conclude that the evidence did not demand a finding that they had done so. Accord *Shears v. Harris,* supra at 62. Accordingly, we hold that the trial court did not err in dismissing the complaint based on the running of the statute of limitation.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED APRIL 4, 1991.

*Johnny B. Mostiler,* for appellants.
*Fain, Major & Wiley, Thomas E. Brennan, G. Keith Richardson,* for appellees.