A92A0270. ABELT v. NELSON et al.
(419 SE2d 749)

COOPER, Judge.

We granted appellant's application for interlocutory appeal to consider the trial court's denial of appellant's motion for summary judgment based on appellees' failure to perfect service on appellant within the applicable statute of limitation.

Appellees were charged with simple battery, obstruction of a police officer and criminal trespass in an incident in which appellant, a security guard, removed appellees from a roller skating rink. Appel-

lees were acquitted of all charges in a jury trial and subsequently brought the instant action against appellant for assault, false arrest, false imprisonment and malicious prosecution, filing their complaint on October 9, 1989, one day prior to the expiration of the statute of limitation on the assault, false arrest and false imprisonment claims. However, appellant was not served with a copy of the complaint until August 2, 1990 in North Carolina, ten months after the expiration of the statute of limitation on the assault, false arrest and false imprisonment claims and over four months after the expiration of the statute of limitation on the malicious prosecution claim. The record shows that appellant lived at a Coweta County address until one month before the filing of the complaint and that although appellant left no forwarding address, his mother and other relatives continued to live next door to appellant's Coweta County address and were never contacted concerning appellant's whereabouts. Appellant moved for summary judgment, urging the trial court to dismiss appellees' complaint on the ground that appellees failed to exercise due diligence in perfecting service within the statute of limitation. After a hearing, the trial court denied appellant's motion, and this appeal followed.

" 'The complaint was filed near the expiration of the period provided by the applicable statute of limitation but service of process did not occur within the five days allowed by (OCGA § 9-11-4 (c)) . . . nor within the period of the statute of limitation. Whether [appellant's motion for summary judgment] to dismiss the complaint as barred by the statute of limitation should be granted is determined by whether [appellees have] shown that [they] acted in a reasonable and diligent manner in attempting to assure that a proper service was made as quickly as possible.' [Appellees] must carry the burden to show diligent service. [Cits.] Further, 'the trial court's exercise of . . . discretion in these matters will not be overturned on appeal, unless it has been actually abused and cannot be supported as a matter of law.' [Cits.]" *Walker v. Hoover,* 191 Ga. App. 859, 860 (383 SE2d 208) (1989).

In an effort to demonstrate that appellees exercised due diligence in serving appellant, they submitted the affidavit of Wayne Owens ("Owens"), an employee of the law firm representing appellees, who described his attempts to serve appellant. Owens averred that in December 1990, he received a marshal's entry of service which indicated that appellant could not be located and was not served. We will assume, giving appellees the benefit of all reasonable inferences, that Owens intended to reference a December *1989* entry of service and not a December *1990* entry, as appellant acknowledges service was perfected on August 2, 1990. Owens stated that upon receipt of the December entry of service, he contacted an investigator to obtain as-

sistance in locating appellant and that during December and January 1990, the investigator's efforts were unsuccessful. On January 10, 1990, Owens then contacted the sheriff, whose investigation revealed that appellant's former residence was vacant. During January and February, Owens stated that he contacted appellant's former employer, the Atlanta Police Department, and was told that appellant no longer worked there. Owens was given appellant's Coweta County address and a telephone number which Owens averred he called on "numerous occasions" but discovered that "the number was not in working order." Owens obtained a telephone number for "M. Abelt" which he began calling in February of 1990 to inquire about appellant, but Owens "was never able to talk with anyone at the number." He continued to call the number until June to no avail. In April 1990, Owens wrote to appellant at the Coweta County address by certified mail and requested that appellant contact him as soon as possible. The certified receipt was signed by someone at the address on April 5, 1990. Finally, Owens averred that another investigator who was retained in April to locate appellant found appellant in North Carolina in late July 1990, and on July 20, the complaint and summons were sent to the Surry County Sheriff's Department in North Carolina.

In their brief to the trial court, appellees contended appellant eluded service and that they contacted persons believed to be relatives of appellant to discover his whereabouts; however, there is no support for these assertions in the record before this court, and appellees do not contend that any such evidence has been omitted from the record on appeal. To the contrary, appellant averred in an affidavit submitted in support of his summary judgment motion that his mother and other relatives who resided next door to his former residence in Coweta County were never contacted by anyone. Appellees also contend in their brief that service was first attempted contemporaneously with the filing of the complaint; however, the record contains no entry of service evidencing service at that time or in December 1989 as claimed by Owens. The record does show that no attempts were made to locate appellant until two months after the expiration of the statute of limitation and that Owens squandered much of the following months calling invalid telephone numbers and concentrating on a residence which the appellees' own evidence revealed was vacated at least as of January 1990. Moreover, without additional evidence, the fact that someone signed for the certified letter at appellant's former residence and that appellant moved out of state one month prior to the expiration of the statute of limitation do not in and of themselves establish that appellant intended to evade service.

It is true that the trial court has wide discretion in the dismissal of complaints for failure of the plaintiff to perfect service in a timely

manner. *Walker,* supra; *Dunson v. Golden,* 199 Ga. App. 513, 514 (405 SE2d 332) (1991). However, appellees' lassitude cannot be considered due diligence. We find, therefore, that the trial court's determination constitutes an abuse of discretion which cannot be supported as a matter of law.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 8, 1992.

*Chambers, Mabry, McClelland & Brooks, James T. Budd,* for appellant.

*Giddens, Davidson, Mitchell & Eaton, Earl A. Davidson,* for appellees.