A92A2029. CASON v. WILLIAMS et al.
(428 SE2d 444)

BLACKBURN, Judge.

Kenneth Alan Cason appeals from the order of the trial court denying his motion to dismiss based upon the untimeliness of the service of process and the subsequent jury verdict entered in favor of the plaintiffs, Gail and Robert Williams, in the amount of $7,875.57.

On December 6, 1985, the appellees brought a tort action against the appellant and his ex-wife, Diane Cason, arising out of an automobile collision on January 11, 1985. Although Diane Cason timely received service of process of the complaint, the process server was unable to locate the appellant within the jurisdiction. The appellees subsequently voluntarily dismissed Diane Cason as a party pursuant to her motion for summary judgment, because she was not the driver of and had no control over the operation of the vehicle at the time of the collision. Based upon their inability to locate the appellant, the appellees were granted an order from the court in December 1986 permitting service on the appellant by publication. The record does not show that service of process was subsequently made upon the appellant pursuant to this order. The consent order of the parties filed May 9, 1991 stipulates that the appellant was not properly served prior to May 8, 1991.

On December 21, 1987, after a trial by a jury, a judgment was entered against the appellant in favor of the appellees in the amount of $5,000. Dissatisfied with the verdict, the appellees filed a motion for a new trial, which was granted by the trial court on March 21,

1988. On October 5, 1988, after a bench trial during which the appellant was not present, the trial judge entered an order against the appellant in the amount of $118,072, based solely upon evidence presented by the appellees.

The appellant subsequently became aware of the outstanding judgment that had been entered against him because a hold had been placed upon his operating license by the appellees through their attorney. The appellant moved to set aside the default judgment, and on May 9, 1991, the appellees consented to set aside the judgment, based upon the trial court's lack of jurisdiction over the appellant due to the insufficiency of the service of process. In July 1991, the appellant acknowledged service of process and filed an answer, asserting several defenses, including lack of personal jurisdiction as a result of the insufficient service of process. Afterwards, the appellant moved to dismiss the action based upon the expiration of the statute of limitation before proper service of process was made upon him and he filed an affidavit in support of the motion. The appellees subsequently responded. In denying the motion, the trial court found that the appellant was properly served with a copy of the summons and complaint. The case proceeded to trial and the jury returned a judgment in favor of the appellees. This appeal followed.

In his sole enumeration of error, the appellant asserts that the trial court erred in denying his motion to dismiss because he was not properly served with a copy of the summons and complaint before the expiration of the applicable statute of limitation. We agree.

" 'The complaint was filed [within] the expiration of the period provided by the applicable statute of limitation but service of process did not occur within the five days allowed by (OCGA § 9-11-4 (c)) . . . nor within the period of the statute of limitation. Whether defendant's motion to dismiss the complaint as barred by the statute of limitation should be granted is determined by whether the plaintiff has shown that he acted in a reasonable and diligent manner in attempting to assure that a proper service was made as quickly as possible.' Plaintiff must carry the burden to show diligent service. [Cits.]" *Walker v. Hoover*, 191 Ga. App. 859, 860 (383 SE2d 208) (1989). " ' "There, of course, will be situations where despite all the diligence of the plaintiff, service cannot be obtained within 5 days and before the expiration of the statute of limitation. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be." [Cits.] . . .' Ordinarily, '(t)he determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and

will not be disturbed on appeal absent abuse.' [Cit.]" *Hossain v. Tohme*, 205 Ga. App. 538, 539-540 (423 SE2d 4) (1992). In the case sub judice, service of process was not perfected upon the appellant until July 9, 1991, over six years after the accident, over four years after the expiration of the applicable two-year statute of limitation for injuries as provided in OCGA § 9-3-33, and nearly six years after the filing of the complaint. The appellees' efforts to locate the appellant were " 'intermittent and wholly ineffective.' " *Shears v. Harris*, 196 Ga. App. 61, 62 (395 SE2d 300) (1990). Although counsel for the appellees makes vague references in his affidavit submitted in opposition to the appellant's motion to dismiss, that he contacted the appellant's wife, former employer, and mother, all of whom did not know the appellant's whereabouts, and hired three separate professional skip tracers, who were further unable to locate the appellant prior to the expiration of the statute of limitation, he "does not give specific dates or details reflecting a diligent attempt to locate [the appellant]." *Freemon v. Dubroca*, 177 Ga. App. 745, 746 (2) (341 SE2d 276) (1986). The record reflects absolutely no investigative attempt to locate the appellant from January 1987 until July 1991, when the appellant acknowledged service, a period of four-and-one-half years.

This court has noted that length of time is also considered in determining whether service will relate back to the time of filing if the statute of limitation accrues between the date of filing and the date of service, when service is perfected more than five days after the filing of the complaint. See *Scoggins v. State Farm &c. Ins. Co.*, 156 Ga. App. 408, 410 (274 SE2d 775) (1980). In its reversal of the trial court's denial of an appellant's motion for summary judgment based upon the appellee's failure to perfect service before the expiration of the applicable time limitations, this court in *Abelt v. Nelson*, 204 Ga. App. 501, 504 (419 SE2d 749) (1992), held that service of process perfected ten months after the expiration of the statute of limitation cannot be considered due diligence, and the trial court's determination of such "constitute[d] an abuse of discretion which cannot be supported as a matter of law." In *Abelt*, an employee of the law firm that represented the appellee averred in an affidavit that he sought the assistance of two investigators, the sheriff, and the appellant's former employer, before he was able to locate the appellant approximately nine months after the expiration of the statute of limitation. Considering the factual similarities in the attempts made to locate appellant and the time period employed in the present case and *Abelt*, we conclude that *Abelt* is controlling in this case. Consequently, we find that the trial court abused its discretion in denying the appellant's motion to dismiss as a matter of law.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1993.

*Carey, Deal, Jarrard & Walker, James C. Weidner*, for appellant.

*Hughes & Gibson, Ralph E. Hughes*, for appellees.