A98A1656. BAILEY v. LAWRENCE et al.
(508 SE2d 450)

McMURRAY, Presiding Judge.

The following chronology is relevant to the disposition of this appeal: Seeking to recover for personal injuries sustained in a March 11, 1995 motor vehicle collision, plaintiff Thomas Herbert Bailey filed this tort action in the Superior Court of DeKalb County on March 6, 1997. Named as defendants subject to venue and jurisdiction in DeKalb County were the driver, defendant Frank Lawrence, Jr., and, ostensibly under the family purpose doctrine, the vehicle's owner, defendant Gwendolyn E. Moore. Personal service on defendant Frank Lawrence, Jr. was attempted on March 8, 1997, by leaving the summons and complaint with defendant Gwendolyn E. Moore at her residence, 5346 Windfern Court, Stone Mountain, Georgia 30088. Gwendolyn E. Moore answered, denying the applicability of the "family purpose" doctrine, and the case against her was subsequently voluntarily dismissed without prejudice. "Travelers Insurance" was served on March 10, 1997, while Phoenix Insurance Company answered in its capacity as an uninsured motorist insurance carrier.

On April 1, 1997, defendant Frank Lawrence, Jr. made a special appearance to contest personal jurisdiction and raised insufficiency of process, insufficiency of service of process, and the statute of limitation as defenses. On July 20, 1997, personal service was attempted on Frank Lawrence, Jr. at 4835 Fenbrook Drive, Stone Mountain, Georgia 30088. On October 20, 1997, plaintiff moved for an appointment of "Michael Edge, or any agent of Confidential Detective and Support Group, as agent of the Court authorized to serve the Defendant FRANK LAWRENCE, JR. with a copy of the Complaint," and this motion was immediately granted.

On January 8, 1998, defendant Frank Lawrence, Jr. made a special appearance without subjecting himself to the jurisdiction and

venue of the court and moved for summary judgment on the grounds that the statute of limitation had run and he had not yet been served with the summons and complaint. The motion is supported by defendant's affidavit, wherein he deposed that "[w]hen Plaintiff's lawsuit was filed . . . on March 6, 1997, [he] was neither domiciled at nor a resident of Defendant Gwendolyn E. Moore's residence located at 5346 Windfern Court, Stone Mountain, DeKalb County, Georgia 30088[, and has] neither been domiciled nor resided at said residence since January 6, 1997." Further, defendant is "a different individual than the Frank W. Lawrence, Jr. that apparently resides at 4835 Fenbrook Drive, Stone Mountain, Georgia, who was served . . . on or about July 20, 1997[; that he] never lived at, resided at, or [had] been domiciled at 4835 Fenbrook Drive[; and that he] was never served with the . . . Plaintiff's Complaint and Summons by the sheriff's department on July 20, 1997. . . ." Defendant Frank Lawrence, Jr. has never been married to defendant Gwendolyn E. Moore, and she was not authorized to accept service of process for him at her residence on March 8, 1997. Finally, defendant Frank Lawrence, Jr. "has never been served . . . by the Sheriff's Department, Mr. Michael Edge [the special process server] or anyone else appointed by the Court to effect service of process."

On January 13, 1998, plaintiff moved for "SERVICE BY PUBLICATION UPON DEFENDANT FRANK LAWRENCE, JR," under the authority of OCGA § 33-7-11 (e), based upon the claim that plaintiff "has made a diligent effort to locate Defendant [Frank Lawrence, Jr.] and cannot find Defendant within this state and has no knowledge as to the present residence or whereabouts." In support of this motion and in opposition to defendant's motion for summary judgment, plaintiff submitted the affidavit of plaintiff's counsel, who deposed that, after receiving the defenses raised in defendant's special appearance, he contacted counsel for defendants Moore and Lawrence "and was informed that Defendant Lawrence did not reside with defendant Moore at the time that service occurred. . . . [Defense counsel] informed plaintiff's counsel by letter of April 14, 1997, that Defendant Lawrence was unwilling to acknowledge service. . . . On April 21, 1997 [plaintiff's counsel] retained Michael Edge of Confidential Detective and Support Group for purposes of locating Defendant Lawrence. Mr. Edge conducted a skip-trace and a record search [yielding three] potential addresses[, namely] the address where service had already been made on Gwendolyn Moore, another address in Stone Mountain, and a third address in Fulton County. . . . Service was attempted at the two new addresses." The Fulton County service was attempted on July 23, 1997, but was returned unserved due to lack of an apartment number. No apartment number could be determined. "On July 20, 1997, an individual

identified as Frank Lawrence, Jr. was personally served at 4835 Fenbrook Drive, Stone Mountain. . . . [The next day,] this individual contacted [plaintiff's counsel] and informed [him] that he was not the Frank Lawrence, Jr. [sought]. . . ."

"In the meantime, on July 3, 1997, [plaintiff's counsel] served interrogatories and requests for production on [counsel for defendants Moore and Lawrence] which included questions intended to aid in locating Defendant Lawrence. Defendants served their responses on August 5, 1997. Defendant Lawrence responded that he did not have a permanent address, that he lives with various friends and relatives in Sparta, Georgia and elsewhere, and that he had moved from Defendant Moore's residence prior to the date of attempted service."

"On October 31, 1997, Plaintiff deposed Defendant Gwendolyn Moore [who confirmed] that Defendant Lawrence had ceased residing at her residence in January 1997. She stated that Defendant Lawrence had stayed with her on one or two occasions since then, but that he no longer resided with her. She did not know of a telephone number or address for Defendant Lawrence and could not identify any friends or relatives with whom he might be staying. . . . In an attempt to locate and serve Mr. Lawrence, surveillance was conducted of the residence of Defendant Moore on November 7, 10, and 18, 1997, and additionally the location was checked several times of the day and evening hours during that time period. The investigator observed no vehicles present and no signs of occupancy." On January 13, 1998, plaintiff filed a motion for service on defendant Frank Lawrence by publication, as authorized by OCGA § 33-7-11 (e).

At her deposition, defendant Gwendolyn E. Moore described defendant Frank Lawrence, Jr. as "a wanderer. . . . He's a gambler. . . . That's his source of income. If he gambles and wins, then he's got income for a few days. And then he gambles again and he [w]on't have [any] income. . . . [H]e's all over Atlanta. . . ." She thought Frank Lawrence, Jr.'s "driver's license has [her] address on it." He still received "junk mail every once in a while. . . ." But he "hasn't gotten any recently." Frank Lawrence, Jr. "hasn't been to [Gwendolyn E. Moore's] house in a few months. . . . He calls [her] every once in a while."

Phoenix Insurance Company also moved for summary judgment, arguing that, if summary judgment were granted to defendant Frank Lawrence, then plaintiff would be unable to fulfill a condition precedent to any judgment against Phoenix as the ostensible uninsured motorist carrier, namely, a judgment against the uninsured driver, whether known or unknown. See *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 166 (268 SE2d 676). The trial court denied plaintiff's motion for service by publication, concluding that plaintiff is "guilty of laches in failing to exercise due diligence in attempting to perfect

service on defendant Frank Lawrence, Jr. subsequent to the expiration of the two year statute of limitation for personal injuries." The trial court further granted summary judgment to both defendant Frank Lawrence, Jr. and Phoenix Insurance Company. This appeal followed. *Held*:

In two related enumerations, plaintiff contends the trial court erred in denying his motion to serve defendant Frank Lawrence, Jr. by publication as authorized by OCGA § 33-7-11 (e) and in granting summary judgment to defendant Frank Lawrence, Jr. on the basis of the statute of limitation, and then granting summary judgment to Phoenix. In arguing that the trial court committed reversible error, plaintiff has relied primarily on this Court's decision in *Wentworth v. Fireman's Fund &c. Ins. Cos.*, 147 Ga. App. 854 (250 SE2d 543). We find that authority distinguishable in material respects and affirm.

1. "OCGA § 33-7-11 (d) requires service upon both the uninsured motorist and the uninsured motorist carrier. The plaintiff bears the burden of investigating and learning the defendant's whereabouts. *Jones v. Brown*, 174 Ga. App. 632 (331 SE2d 24) (1985)." *Pickens v. Nationwide Mut. Ins. Co.*, 197 Ga. App. 550, 551 (398 SE2d 792). "In cases where the owner or operator of any vehicle causing injury or damage is known and either or both are named as defendants in any action for such injury or damages but the person resides out of state, has departed from the state, cannot after due diligence be found within the state, or conceals himself to avoid the service of summons, and this fact shall appear by affidavit to the satisfaction of the judge[,] . . . the judge may grant an order that the service be made on the owner or driver by publication of summons." OCGA § 33-7-11 (e). "Such service does not serve as the foundation for an in personam judgment against the tortfeasor, but it does serve as a condition precedent for recovery against the uninsured motorist carrier." *Wentworth v. Fireman's Fund &c. Ins. Cos.*, 147 Ga. App. 854, 855 (I), supra.

2. "The statute permitting service by publication does not [necessarily] require a showing that service has been attempted but only that the party to be served 'has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of the summons. . . .' OCGA § 9-11-4 (e) (1) (A)." *Douglas v. Woon*, 205 Ga. App. 355, 356 (1) (422 SE2d 61). In the case sub judice, the only ground urged in support of plaintiff's motion for OCGA § 33-7-11 (e) service by publication is that after diligent efforts to locate him, defendant Frank Lawrence, Jr. could not be found within this state and that plaintiff has no knowledge of defendant's present residence or whereabouts. "If due diligence is shown in the attempt to track down the owner or operator of the vehicle causing the injury, the request for service by publication should be granted.

Due diligence 'is a question of fact which addresses itself in the first instance to the discretion of the trial court.' [Cit.]" *Wentworth v. Fireman's Fund &c. Ins. Cos.*, 147 Ga. App. 854, 855, supra. Plaintiff argues that, because he undertook the same steps as the plaintiff in *Wentworth*, supra, such as hiring a private investigator who performed a "skip trace" and record search, attempting service in July 1997 at the second address for a Frank Lawrence, Jr., and utilizing discovery, he is not guilty of laches.

"The plaintiff bears the burden of showing lack of fault for failure to perfect timely service. *Miller v. Hands*, 188 Ga. App. 256 (372 SE2d 657) (1988)." *Pickens v. Nationwide Mut. Ins. Co.*, 197 Ga. App. 550, 551, supra. In *Wentworth*, that complaint was filed more than a year before the running of the statute of limitation, and the purported uninsured motorist insurance carrier moved to dismiss four months before the statute ran. That plaintiff also subpoenaed that defendant's sister for her deposition, but one day after the limitation period expired, she failed to appear. The next day, plaintiff moved for service by publication while still pursuing the defendant. That defendant's sister's appearance was subsequently compelled by court order, but the information she supplied did not lead to locating that defendant. Consequently, in *Wentworth*, the vast majority of effort expended to locate that defendant was undertaken prior to the time the statute of limitation expired.

In contrast, the case sub judice was not filed until a week before the end of the limitation period, which expired no later than Wednesday, March 12, 1997. Since April 1, 1997, plaintiff knew that Frank Lawrence, Jr. contested jurisdiction due to insufficient service and also that defendant would not acknowledge service. It would not have been premature to move for service by publication at that point, while simultaneously pursuing such leads as the private investigator discovered. Discovery was not propounded until four months after filing the complaint and three months after defendant's special appearance to contest jurisdiction. Plaintiff never did pursue the lead generated by defendant's answers to interrogatories that defendant might have been staying with his mother in Sparta, Georgia. Rather, plaintiff spent time watching Gwendolyn E. Moore's residence day and night, after she testified at her deposition that she had not seen defendant Frank Lawrence, Jr. in months. Finally, plaintiff's motion for service by publication was filed contemporaneously with defendant's motion for summary judgment, ten months after the statute of limitation expired. " ' "The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) . . . requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the lim-

itation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible." ' *Brumbalow v. Fritz*, 183 Ga. App. 231, 232 (358 SE2d 872) (1987). If this is not done, laches precludes the tolling of the statute of limitation by way of relation back of service to the filing of the complaint." *Lowes v. Allstate Ins. Co.*, 204 Ga. App. 148, 149 (1) (418 SE2d 465). In the case sub judice, the evidentiary posture authorized the trial court to conclude that plaintiff did not use wisely or diligently such time and resources as he had in locating and serving the known but missing defendant Frank Lawrence, Jr., knowing from the start that the expiration of the limitation period was imminent when the complaint was filed and further knowing since April 1, 1997, there was a problem with service.[1] There was no abuse of discretion in denying plaintiff's tardy motion for OCGA § 33-7-11 (e) service by publication. *Lowes v. Allstate Ins. Co.*, 204 Ga. App. 148, 149 (1), 150, supra.

3. The trial court correctly granted summary judgment to defendant Frank Lawrence, Jr., since he had not been served in the ten months since the limitation period expired. *Cason v. Williams*, 207 Ga. App. 550 (428 SE2d 444) (denial of motion to dismiss reversed). It follows that summary judgment was also correctly granted to Phoenix as the uninsured motorist insurance carrier. *McCrary v. Preferred Risk Mut. Ins. Co.*, 198 Ga. App. 727, 729 (402 SE2d 519).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED NOVEMBER 2, 1998

*Bryan M. Pulliam, Raymond T. Brooks, Jr.*, for appellant.
*Shivers & Associates, Charles E. Johnson III*, for appellees.

---

[1] We express no opinion on the validity of noticing defendant's deposition after his special appearance for the sole purpose of discovering his whereabouts.