## A99A0289. LEACH v. MONROY.
(517 SE2d 95)

ANDREWS, Judge.

Kelly Leach sued Cirilo Monroy in DeKalb County Superior Court alleging she was injured in an automobile accident in DeKalb County caused by Monroy. After Leach was unable to locate Monroy for personal service, Leach served Monroy by publication pursuant to a court order, then served the complaint on her uninsured motorist carrier pursuant to OCGA § 33-7-11. Leach appeals from the trial court's subsequent order dismissing the action on the basis that Leach failed to act diligently in obtaining personal service on Monroy.

Leach filed the complaint against Monroy on February 12, 1998, seeking damages for personal injuries arising out of the automobile accident which occurred on February 26, 1996. On February 23, 1998, the sheriff filed a return of service showing that Monroy could not be found within the jurisdiction of the court. On February 25, 1998, Leach filed a motion seeking service by publication along with an affidavit in support of the motion stating that Monroy could not be found. On February 25, 1998, one day before the expiration of the two-year personal injury statute of limitation (OCGA § 9-3-33), the trial court granted the motion, ordered that Monroy be served by publication, and Monroy was subsequently served by publication. On March 12, 1998, the sheriff filed a return of service showing that on February 17, 1998, Leach's uninsured motorist carrier was timely served pursuant to OCGA § 33-7-11 (d). On April 21, 1998, Monroy filed an answer through his attorney raising the defenses of lack of personal jurisdiction, insufficient service of process, laches, and expiration of the statute of limitation.

Monroy subsequently moved for summary judgment on Leach's action against him on the basis that the two-year statute of limitation in OCGA § 9-3-33 expired on February 26, 1998, that he had not been personally served with the action, and that Leach was guilty of laches in failing to act with due diligence to locate and personally serve him. The trial court treated the motion as a motion to dismiss and dismissed Leach's action on the basis that Monroy had not been personally served, and that Leach had not acted with due diligence.

Although service by publication was not sufficient to confer in personam jurisdiction over Monroy, the order granting service by publication was, in effect, an ex parte finding that Leach had exercised due diligence in attempting to locate and personally serve Monroy. *Douglas v. Woon*, 205 Ga. App. 355, 356 (422 SE2d 61) (1992). It thus served as an ex parte finding that Leach had carried her burden of proving she had exercised diligence sufficient to justify service by publication under OCGA § 33-7-11 (e) as a basis for a nominal judgment against Monroy and recovery from the uninsured motorist carrier. Id.; *Bailey v. Lawrence*, 235 Ga. App. 73, 76 (508 SE2d 450) (1998); *Wentworth v. Fireman's Fund &c. Ins. Cos.*, 147 Ga. App. 854, 855 (250 SE2d 543) (1978); *Boles v. Hamrick*, 194 Ga. App. 595 (391 SE2d 418) (1990).

Monroy's motion contested the trial court's prior ex parte finding of diligence. In granting the motion and dismissing the case on the basis that Leach failed to exercise diligence in locating and serving Monroy, the trial court, in effect, voided its prior order allowing service by publication, and concluded that the record failed to show Leach had carried the burden of establishing diligence. *Norman v. Daniels*, 142 Ga. App. 456, 460 (236 SE2d 121) (1977). Due diligence "is a question of fact which addresses itself in the first instance to the discretion of the trial court." Id. at 460. We find no abuse of discretion in the trial court's conclusions. Based on the trial court's finding, there was no basis for service by publication pursuant to OCGA § 33-7-11 (e), and no basis for personal service on Monroy after the statute of limitation had expired. Accordingly, the trial court did not err in dismissing the entire action.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur specially.*

McMURRAY, Presiding Judge, concurring specially.

I agree with the judgment of affirmance because the evidence authorizes the trial court's finding that plaintiff Leach did not exercise all due diligence to serve defendant Monroy personally after the limitation period expired within two weeks of filing this tort action. I do not join in that portion of the opinion intimating that an ex parte finding of one of the several grounds authorizing service of the defendant by publication, in order to pursue one's own uninsured motorist carrier, is tantamount to a finding that plaintiff in fact exercised due diligence in order to serve the defendant personally, because the statute permitting service by publication does not necessarily require a showing that personal service has even been attempted. *Bailey v. Lawrence*, 235 Ga. App. 73, 76 (2) (508 SE2d 450). Since the record here clearly shows that the trial court did not rely on any prior ex parte finding, I concur in the judgment.

I am authorized to state that Judge Ruffin joins in this opinion.

DECIDED APRIL 30, 1999.

*Scott Walters, Jr.*, for appellant.

*Shur, McDuffie, Brockman & Leveille, Michael L. Morgan, Chambers, Mabry, McClelland & Brooks, James S. Anderson*, for appellee.