## A99A2419. SWANSON et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
### (530 SE2d 516)

MILLER, Judge.

The issue in this case is whether a consolidated pretrial order submitted by the parties, but unsigned by the court, which order fails to raise a defense mentioned in the answer, precludes the defendant from pursuing the defense in a motion prior to trial. Holding that it does not, we affirm the order dismissing the case on this defense.

On the day the statute of limitation ran,[1] Natalie Swanson and Norma Bresil sued Andy Johnson and a John Doe for personal injuries arising out of an auto accident but failed to make any attempt to serve Johnson with process after the sheriff reported that he had moved and could not be found. Seeking uninsured motorist coverage, they timely served State Farm Mutual Automobile Insurance Company with process. State Farm answered, asserting all affirmative defenses that could be asserted by Johnson. Although no pretrial conference was held, the plaintiffs and State Farm later submitted a consolidated pretrial order to the court, which made no reference to the lack of service on Johnson and which the judge did not sign or enter. It was the judge's practice to sign pretrial orders just before trial began.

After two calendar calls (one of which was postponed and at one of which both sides announced "ready"), State Farm moved in writing to dismiss the complaint for failure to serve Johnson and for failure to exercise due diligence to obtain service after the initial unsuccessful attempt. Plaintiffs opposed the motion on the grounds that the pretrial order jointly submitted by the parties made no reference to this defense and that it was too late to raise the issue. Finding lack of due diligence to obtain service, the court granted the motion, which order the plaintiffs appeal.

1. Service on the missing tortfeasor, whether by publication or otherwise, is a condition precedent for recovery against the uninsured motorist carrier.[2] A plaintiff must exercise due diligence in locating a missing uninsured motorist to effect service.[3] Because it is undisputed that plaintiffs failed to do anything to locate or perfect service on Johnson after the initial unsuccessful attempt, evidence supported the court's finding of lack of due diligence and justified the dismissal.[4]

---

[1] Cf. OCGA § 9-3-33.

[2] *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 825 (392 SE2d 33) (1990).

[3] See *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 171 (520 SE2d 917) (1999).

[4] Cf. *Echevarria v. Hudgins*, 173 Ga. App. 39, 41 (2) (325 SE2d 423) (1984) (dismissal order based on failure to exercise due diligence in obtaining service subject to abuse of discretion standard).

Citing OCGA § 9-11-16 (b), plaintiffs maintain, however, that State Farm's failure to mention the defense in the consolidated pretrial order precluded it from raising the defense.[5] But the judge never signed the submitted pretrial order, and thus the parties were not limited to the issues specified therein.[6] Because the defense of insufficient service on Johnson was raised in State Farm's answer, the trial court did not abuse its discretion in holding that State Farm's motion on this basis, filed before trial, was proper.[7]

2. Plaintiffs' contention that the court erred in failing to sign the proposed order is without merit. Neither OCGA § 9-11-16 nor Uniform Superior Court Rule 7.2 requires the judge to sign a pretrial order proposed by the parties. Only if a pretrial conference is held does OCGA § 9-11-16 (b) require the court to make an order, which may or may not be in the form proposed by the parties. Here, of course, no pretrial conference was held.[8] Moreover, the statute specifies no time frame within which a pretrial order must be entered, and here the court intended to enter an order right before trial, if trial had occurred.

3. Plaintiffs also argue that State Farm waived the defense by announcing "ready" at the first calendar call (without bringing the issue to the court's attention) and by not raising the issue in the proposed pretrial order. But once a party has raised the issue of insufficient service in its answer, that party waives the defense only if it engages in conduct so manifestly indicative of an intention to relinquish the defense that no other reasonable explanation of its conduct is possible.[9] Here the evidence did not demand a finding of waiver,[10] as (a) the defense applied to service not on State Farm itself, but on the missing tortfeasor, and thus was not immediately apparent to

---

[5] Cf. *Life Care Ambulance v. Hosp. Auth. of Gwinnett County*, 202 Ga. App. 864, 865 (415 SE2d 502) (1992) (pretrial order supersedes the pleadings and controls the subsequent scope and course of the action).

[6] See *Altamaha Convalescent Center v. Godwin*, 137 Ga. App. 394, 395 (1) (224 SE2d 76) (1976) (unsigned pretrial order is of no effect and does not preclude amendments to pleadings raising issues not specified in the order); see also *State of Ga. v. Croom*, 168 Ga. App. 145, 147 (1) (308 SE2d 427) (1983) (absent entry of pretrial order ending pretrial proceedings, amendments allowed as of right until taking of evidence at trial); *Lanier Petroleum v. Hyde*, 144 Ga. App. 441, 442 (2) (241 SE2d 62) (1978) (amendment must be allowed as matter of course absent entry of pretrial order).

[7] Compare *Oasis Goodtime Emporium I v. Cambridge Capital Group*, 234 Ga. App. 641, 643 (3) (507 SE2d 823) (1998) (raising insufficient service midway through trial was too late).

[8] Compare *Sheet Metal Workers &c. v. Carter*, 144 Ga. App. 48, 51 (5) (240 SE2d 569) (1977) (a pretrial conference must be followed by a pretrial order), rev'd on other grounds, 241 Ga. 220 (244 SE2d 860) (1978).

[9] *Oasis Goodtime*, supra, 234 Ga. App. at 642 (3).

[10] Compare id. at 643 (3) (motion raised midway through trial); *Wheeler's, Inc. v. Wilson*, 196 Ga. App. 622, 623 (396 SE2d 790) (1990) (motion to dismiss for insufficient service filed too late after summary judgment motion filed, decided, and reversed by appellate court).

State Farm; (b) the proposed pretrial order was never entered; and (c) the motion was filed prior to trial. The trial court did not abuse its discretion in considering the issue and ruling thereon.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 7, 2000.

*Lecora Bowen*, for appellant.
*Sharon W. Ware & Associates, Melynee C. Leftridge*, for appellee.