## A03A0789. BARABONT v. VILLANUEVA.
(584 SE2d 74)

SMITH, Chief Judge.

Rozalia Barabont appeals from an order that dismissed her action, denied her motion for service by publication, and denied her motion for sanctions. Primarily, Barabont contends that the trial court applied the wrong legal standard in determining that she failed to exercise due diligence in attempting to obtain personal service on Marcelino Villanueva. We find no error and affirm.

Barabont and Villanueva were involved in an automobile collision on March 20, 1998. On March 17, 2000, Barabont filed a suit for damages against Villanueva and served Villanueva and One Beacon Insurance Group (One Beacon), Barabont's uninsured motorist carrier. Shortly after the pretrial conference, Barabont voluntarily dismissed her suit on October 11, 2001. Six days before the expiration of the six-month renewal period, Barabont recommenced her complaint pursuant to OCGA § 9-2-61 on April 5, 2002. When service was attempted on Villanueva at the same address Barabont had used previously, the deputy was unable to serve Villanueva. The deputy

filed a non est service return on April 22, notifying Barabont that service was not perfected and that Villanueva no longer lived at that address. Barabont knew about the service problem on or about April 26. One Beacon, Barabont's uninsured motorist carrier, acknowledges that it was served with copies of the summons and complaint in both actions.

One Beacon timely answered. Subsequently, on May 31, noting that Villanueva had not yet been served, One Beacon filed a motion to dismiss or alternatively a motion for summary judgment. In moving to dismiss for insufficient service of process, One Beacon claimed that Barabont "failed to exercise due diligence in perfecting service upon defendant after the expiration of the statute of limitation, given that 55 days have already elapsed between plaintiff's re-filing of the Complaint and the filing of this Motion." In support of its motion, One Beacon argued that when service is not perfected within five days of the expiration of the statute of limitation, the service relates back only "if the plaintiff demonstrates that 'he acted in a reasonable and diligent manner in attempting to ensure that a proper service was made as quickly as possible. [Cit.]' "

Thereafter, on June 12, 2002, Barabont filed a motion for the appointment of a special process server, and that motion was granted two days later. The process server attempted service on Villanueva on June 14, 22, and 23 and searched for his address through various databases and sources between June 12 and June 25. On June 27, the process server executed an affidavit of due diligence, describing his efforts to serve Villanueva and attesting that he could not locate Villanueva's current address. After filing that affidavit on July 1, Barabont sought no further assistance from the court until August 1, 2002, the day of the hearing on One Beacon's motion to dismiss and her motion for sanctions. At that time Barabont submitted a motion for service by publication.

More than three weeks after the hearing, on August 23, Barabont amended her motion for service by publication and attached her counsel's affidavit needed to comply with OCGA § 33-7-11 (e). Apparently unaware that another trial court was already considering Barabont's motion for service by publication, along with other motions, a different judge granted Barabont's amended motion for service by publication. Meanwhile, One Beacon moved to strike portions of the affidavit of Barabont's counsel. After learning about the pending motions, the trial court vacated its own order for service by publication noting, "this matter had been heard by [another judge] who has taken the matter under advisement."

In dismissing the complaint, without explicitly using the term "laches," the trial court faulted Barabont for "inactivity." The court noted that Barabont "took her first steps to locate the Defendant 51

days after the return of the Sheriff's service on April 22, 2002 (and some 12 days after One Beacon filed its Motion to Dismiss)." The trial court observed that Barabont failed to move for service by publication until August 1, "some 101 days after Plaintiff first knew the Defendant could not be personally served at the address provided (and over two months after One Beacon's Motion to Dismiss was filed and 40 days after the process server advised he could not locate the Defendant)." The court found:

> Plaintiff's failure to attempt to locate Defendant for over 3½ months between the initial attempted service on April 22, 2002, and Plaintiff's filing of her Motion for Service by Publication over two months after One Beacon Insurance Group's Motion to Dismiss on May 31, 2002, as well as Plaintiff's inactivity from the time of the filing of the process server's affidavit on June 27, 2002, to the filing of Plaintiff's Motion for Service by Publication on the day of oral argument, does not constitute due diligence.

1. In multiple, somewhat overlapping enumerations of error, Barabont disputes the court's determination. Primarily, she contends that the trial court applied the wrong legal standard of due diligence and erroneously held her to a higher degree of due diligence than the law authorizes. We disagree.

When OCGA § 33-7-11 (d) is applicable and service is required upon both the uninsured motorist and the uninsured motorist carrier, service on the tortfeasor is a condition precedent for recovery against the uninsured motorist carrier. *Swanson v. State Farm &c. Ins. Co.*, 242 Ga. App. 616 (1) (530 SE2d 516) (2000). It is the plaintiff's burden to investigate and ascertain the tortfeasor's whereabouts. *Bailey v. Lawrence*, 235 Ga. App. 73, 76 (1) (508 SE2d 450) (1998). In locating a missing tortfeasor and attempting to effect service, a plaintiff must exercise due diligence. See *Swanson*, supra. And, when

> service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute *only if* the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.

(Citations and punctuation omitted; emphasis supplied.) *Brown v. State Farm &c. Ins. Co.*, 242 Ga. App. 313 (1) (529 SE2d 439) (2000). Whether a plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation lies within the trial court's discretion and will not be disturbed

on appeal absent abuse. *Sykes v. Springer*, 220 Ga. App. 388, 390 (1) (469 SE2d 472) (1996).

Although Barabont argues otherwise, the trial court did not use the wrong legal standard of due diligence. While it is true that the "due diligence" required for personal jurisdiction for liability purposes and the due diligence required for service by publication to satisfy uninsured motorist coverage are different standards, Barabont misperceives the law applicable to her situation. *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 170-171 (520 SE2d 917) (1999). When the statute of limitation has expired and a defendant raises the issue of defective service, from that point forward a plaintiff must act with "the greatest possible diligence" to ensure proper and timely service or risk dismissal of her case. *Ingraham v. Marr*, 246 Ga. App. 445, 447-448 (2) (540 SE2d 652) (2000). When One Beacon raised the defense of defective service, Barabont incurred the heightened obligation of exercising the greatest possible diligence to ensure proper and timely service. *Patterson v. Johnson*, 226 Ga. App. 396, 398 (486 SE2d 660) (1997). This Barabont failed to fulfill.

Barabont did not seek the appointment of a special process server until June 12 and did not move for service by publication until August 1, more than two months after One Beacon moved for dismissal and more than three months after the initial failed attempt at service. Without question, Barabont knew about the service problem in late April. Yet, even though One Beacon moved in May to dismiss her case, Barabont did not seek service by publication until August. Then, still later, to correct the apparent deficiencies in her motion, Barabont submitted an amended motion on August 23. Under these facts, we cannot say that the trial court abused its discretion in finding that Barabont failed to exercise the requisite due diligence. See *Brown*, supra at 314 (1).

2. Barabont contends that the trial court abused its discretion by vacating its own order for service by publication. She argues that by issuing the order, the trial court, in effect, made a finding that she had acted with due diligence. She claims that the trial court's action "smacks of impropriety" since the court's decision to order service by publication constituted proof of her due diligence. We disagree.

Less than two weeks after entering an order for service by publication, the same judge vacated its own order. When the trial court authorized service by publication, it did not enter any finding whatsoever about due diligence. Compare *Starr v. Wimbush*, 201 Ga. App. 280, 282 (2) (410 SE2d 776) (1991). Moreover, even assuming that such a finding was implicit, during the same term of court in which an order is entered a trial court has the inherent power to revise, revoke, vacate, or modify its judgment. *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001). Absent a

manifest abuse of discretion, the exercise of this discretionary power will not be disturbed. *Kirkley v. Jones*, 250 Ga. App. 113, 114 (1) (550 SE2d 686) (2001). No such showing was made.

3. Barabont contends that the trial court erred in denying her motion for sanctions against One Beacon. She asserts that One Beacon's motion to dismiss "was based on wrong and incompetent grounds and reasoning" and "was patently frivolous." In light of our holding in Division 1, this claim necessarily lacks merit.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED JUNE 20, 2003 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Daniele C. Johnson*, for appellant.

*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Robert D. Brunson*, for appellee.