## A08A1364. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. MANDERS et al.

(665 SE2d 886)

ELLINGTON, Judge.

Following a granted interlocutory appeal, State Farm Mutual Automobile Insurance Company ("State Farm") challenges the order of the State Court of Gwinnett County denying its motion for summary judgment in this automobile accident case. State Farm, the uninsured/underinsured motorist carrier for Coleen and Jamie Manders, contends it was entitled to summary judgment on two grounds: (1) the Manderses failed to timely perfect service of process on the defendant below, Carolyn Jordan, and (2) the Manderses' policy of insurance was suspended on the date of the accident. Because the record shows that the Manderses failed to act diligently in perfecting service of process on Jordan, we reverse.

1. The record shows that the Manderses sued Jordan, an allegedly uninsured or underinsured motorist, to recover damages for injuries they suffered when Jordan ran a stop sign and hit their car. The accident occurred on January 14, 2005. The Manderses filed their action on January 12, 2007, two days before the expiration of the statute of limitation, OCGA § 9-3-33. State Farm was served with a copy of the complaint. On February 15, after the statute of limitation had expired, State Farm filed an answer that raised specifically the defense of insufficient service of process on Jordan.[1] Unable to locate Jordan and to perfect service personally, the Manderses moved for an order permitting service by publication on July 26, which the trial court granted two days later. On October 2, State Farm moved for summary judgment. On November 1, service by publication was completed.

"When the statute of limitation has expired and a defendant raises the issue of defective service, from that point forward a plaintiff must act with 'the greatest possible diligence' to ensure proper and timely service or risk dismissal of [his or] her case." *Barabont v. Villanueva*, 261 Ga. App. 839, 842 (1) (584 SE2d 74) (2003), quoting *Ingraham v. Marr*, 246 Ga. App. 445, 447-448 (2) (540 SE2d 652) (2000). Thus, when State Farm asserted the defense of insufficient service in its February 15 answer, the Manderses were thereafter required to exercise the greatest possible diligence in serving Jordan. Id. An affidavit submitted by plaintiffs' counsel

---

[1] Under OCGA § 33-7-11 (d), service is required upon both the uninsured motorist and the uninsured motorist carrier, and service on the tortfeasor is a condition precedent for recovery against the uninsured motorist carrier. *Swanson v. State Farm &c. Ins. Co.*, 242 Ga. App. 616 (1) (530 SE2d 516) (2000).

detailing his efforts to accomplish service shows that he fell far short of this exacting standard.

According to counsel's affidavit, before filing suit he engaged a private investigator to locate Jordan. The investigator reported a Florida address, so counsel arranged for personal service by the sheriff's department in the appropriate Florida county. On February 6, counsel was informed that the deputy could not accomplish service because the address was invalid. Inexplicably, however, counsel waited five months to seek an order permitting service by publication.[2] After the court issued that order, counsel waited an additional three months to perfect service by publication. Thus, there was a total unexplained delay of eight months in accomplishing service.

We review for abuse of discretion a trial court's finding that service was sufficient. See *Ballenger v. Floyd*, 282 Ga. App. 574, 575 (639 SE2d 554) (2006); *Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999). Although this is a deferential standard of review, it is not toothless. In *Duffy v. Lyles*, 281 Ga. App. 377, 379 (636 SE2d 91) (2006), we reversed a trial court's finding of sufficient service where there was an unexplained four-month period of inactivity in plaintiff's efforts to perfect service, holding that we were "constrained to find that the trial court abused its discretion." Id. at 379-380. The case for reversal is even stronger here, where there was an unaccounted-for eight-month delay. Because the Manderses did not carry their burden of showing the requisite diligence in attempting to perfect service on Jordan, we are therefore constrained to find that the trial court abused its discretion in finding that service was sufficient. Therefore, the state court should have granted State Farm's motion for summary judgment. See id.

2. Given our holding in Division 1, State Farm's remaining claim of error is moot.

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JULY 17, 2008.

*Downey & Cleveland, Rodney S. Shockley*, for appellant.

---

[2] Service by publication is applicable only in those instances where such service is allowed by law. Georgia's statutes regarding torts (OCGA Title 51) contain no provision for service by publication in any action for a personal judgment against any person, resident or nonresident. *Barnes v. Continental Ins. Co.*, 231 Ga. 246, 247 (201 SE2d 150) (1973). However, while that service will not serve as a foundation for an in personam judgment against the tortfeasor, service by publication may be used pursuant to OCGA § 33-7-11 for purposes of complying with the condition precedent for pursuing one's uninsured motorist insurance carrier. *Bailey v. Lawrence*, 235 Ga. App. 73, 76 (1) (508 SE2d 450) (1998).

*Hicks, Massey & Gardner, Frederick V. Massey*, for appellees.