**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 19, 2012

# In the Court of Appeals of Georgia

A12A0539. MILANI et al. v. PABLO.

MIKELL, Presiding Judge.

Shortly before the expiration of the statute of limitation, Gregory Milani and Jeanette Milani ("appellants") brought suit against Andres Pablo, an uninsured motorist, seeking damages that arose when his motorcycle hit their vehicle. After a hearing, the trial court revoked its earlier order allowing for service by publication and granted Pablo's motion to dismiss on the grounds that Appellants had not acted diligently in attempting to serve personally him. Appellants contest this order on appeal, and for the reasons below, we affirm.

On April 24, 2009, four days before the statute of limitation expired,[1] the appellants filed the instant suit against Pablo for injuries they sustained on April 28, 2007, when Pablo's vehicle hit their motorcycle. On May 1, 2009, a sheriff's deputy filed a "non est" return of service, writing on the return that the "address [was] not good." On May 7, 2009, appellants searched for Andres Pablo on two websites, 411.com and Intelius People Search Report, but the search was limited to Georgia addresses. On May 8, 2009 and May 19, 2009, appellants sent certified letters to the three addresses located by the websites. All of the letters were returned as undeliverable. On May 18, 2009, an answer was filed by special appearance on behalf of Pablo, and on June 15, 2009, his counsel filed a motion to dismiss the complaint based on insufficiency of service and expiration of the statute of limitation. Appellants filed motions for service by publication and for the appointment of a special process server on July 9, 2009, and both motions were granted the same day before opposing counsel had time to respond. After a hearing on Pablo's motion to dismiss, the trial court issued an order dismissing the appellant's complaint for want

_____

[1] See OCGA § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues").

2

of service and held that the order allowing service by publication should not have been granted.

1. On appeal, the appellants dispute the trial court's determination. Primarily, they contend that the trial court applied the wrong legal standard of due diligence and erroneously held them to a higher degree of due diligence than the law authorizes. We disagree.

OCGA § 33-7-11 (d) requires service upon both the uninsured motorist and the uninsured motorist carrier. The burden is on the plaintiff to investigate and ascertain the missing defendant's whereabouts to effect service, and in doing so, the insured must exercise due diligence.[2] Appellant bears the burden of showing that due diligence was exercised.[3] And,

> when service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute *only if* the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.[4]

---

[2] *Barabont v. Villaneuva*, 261 Ga. App. 839, 841 (1) (584 SE2d 74) (2003).

[3] (Citations and punctuation omitted.) *Starr v. Wimbush*, 201 Ga. App. 280 (2) (410 SE2d 776) (1991).

[4] (Citation omitted; emphasis in original.) *Barabont*, supra at 841 (1).

3

Appellant's argument that the trial court used the wrong legal standard of due diligence is misguided. "While it is true that the 'due diligence' required for personal jurisdiction for liability purposes and the due diligence required for service by publication to satisfy uninsured motorist coverage are different standards,"[5] appellants misconceive the law applicable to their situation. Once Pablo raised the defense of defective service, appellants incurred the duty to act "with the greatest possible diligence to ensure proper and timely service or risk dismissal of his or her case."[6] The determination of whether appellants met this burden is within the discretion of the trial court and will not be disturbed on appeal absent abuse.[7]

Bearing these principles in mind, we conclude that the trial court acted within its discretion in finding that appellants did not satisfy their burden of showing that they acted with the greatest possible diligence in attempting to serve Pablo. Appellants did not seek the appointment of a special process server or move for service by publication until July 9, 2009, almost two months after Pablo filed an

---

[5] Id. at 842 (1).

[6] (Citations and punctuation omitted.) *State Farm Mut. Auto. Ins. Co. v. Manders*, 292 Ga. App. 793, 794 (665 SE2d 886) (2008); *Parker v. Shreve*, 244 Ga. App. 350, 352 (535 SE2d 332) (2000) (physical precedent only).

[7] *Livington v. Taylor*, 284 Ga. App. 638, 639 (644 SE2d 483) (2007).

answer by special appearance raising the defense of ineffective service and one month after Pablo filed a motion to dismiss for lack of service. Further, because Pablo was known to be a transient migrant worker, appellants should have been on notice that the search should have extended beyond Georgia to nearby states. "Due diligence is a question of fact which addresses itself in the first instance to the discretion of the trial court."[8] In this case, the evidentiary posture authorized the trial court to conclude that appellants did not use wisely or diligently such time and resources as they had, knowing from the start that the expiration of the limitation period was imminent when the complaint was filed and further knowing since May 1, 2009 that there was a problem of service.[9]

2. Appellants next contend that the trial court abused its discretion by

---

[8] (Citation and punctuation omitted.) *Leach v. Monroy*, 237 Ga. App. 855, 856 (517 SE2d 95) (1999).

[9] *Bailey v. Lawrence*, 235 Ga. App. 73, 77 (2) (508 SE2d 450) (1998). See *Patterson v. Lopez*, 279 Ga. App. 840, 843 (2) (632 SE2d 736) (2006) (trial court did not abuse discretion in finding plaintiff guilty of laches when she did not attempt to serve defendant until several weeks after statute of limitation lapsed); compare *Parker*, supra at 352 (trial court abused discretion by finding plaintiff guilty of laches when service made 12 days after statute of limitation expired) (physical precedent only).

vacating its earlier order for service by publication. They argue that by issuing the order, the trial court, in effect, made a finding that they acted with due diligence. We disagree.

The trial judge granted the motion for service by publication on the same day the motion was filed, without providing opposing counsel the opportunity to respond. Although the trial court did originally authorize service by publication, it did not enter any finding whatsoever about due diligence.[10]

The case cited by Appellants, *Starr v. Wimbush,*[11] does not require a different result. In *Starr*, the trial court had ordered service by publication in a ruling expressly finding defendant could not be found after due diligence.[12] Defendant was personally served two months later, during which time several additional steps were taken to locate him. Because the attempted service by publication was ineffective, and because service had not been perfected until eight months after the statute of limitations had run, defendant moved to dismiss. The court granted the motion, finding that the

---

[10] *Barabont*, supra at 842 (2); *Leach*, supra. at 86 (McMurray, concurring specially) (the grant of a motion for service by publication is not an ex parte finding that plaintiff exercised due diligence to serve defendant).

[11] supra.

[12] Id. at 282.

plaintiff had failed to show due diligence in attempting to perfect service. *Starr* reversed, holding the publication order had established due diligence and the record clearly showed due diligence from the time of that order until service.

In the case sub judice, the trial court's order granting service by publication did not expressly find that appellants had exerted due diligence in their attempts to serve Pablo. Further, the record is not clear, as in *Wimbush*, that appellants acted with the greatest possible diligence in attempting to serve Pablo after the grant of the motion for service by publication.

*Judgment affirmed. Miller and Blackwell, JJ., concur.*