## 50728. WILKINSON v. CRAFT.

PANNELL, Presiding Judge.

1. Code § 56-407A (The Uninsured Motorist Act; Ga. L. 1968, p. 588, as last amended by Ga. L. 1973, p. 487; Code Ann. § 56-407.1) in Subsection (a) thereof provides: "No automobile liability policy or motor vehicle liability policy shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by any insurer licensed in this State, upon any motor vehicle then principally garaged or principally used in this State, unless it contains an indorsement or provisions undertaking to pay the insured all sums *which he shall be legally entitled to recover* as damages from the owner or operator of an uninsured motor vehicle . . ." (Emphasis supplied.)

This language has many times been construed by this court to require the bringing of an action and securing of a judgment against the uninsured motorist as a condition precedent to recovery under the policy. *Gulf Am. Fire &c. Co. v. McNeal,* 115 Ga. App. 286, 287 (5) (154 SE2d 411); *King v. State Farm Auto. Ins. Co.,* 117 Ga. App. 192 (1) (160 SE2d 230); *Quattlebaum v. Allstate Ins. Co.,* 119 Ga. App. 791 (1) (4) (168 SE2d 596); *Cash v. Balboa Ins. Co.,* 130 Ga. App. 60, 61 (202 SE2d 252).

2. Accordingly, where, pending a negligence action against an uninsured motorist, in which action the plaintiff's insurer had intervened, the uninsured motorist goes into bankruptcy listing the tort claim as a debt (provable in bankruptcy under Section 13 of the Bankruptcy Act; 11 USCA § 103), and pending said action the uninsured motorist receives his discharge in bankruptcy and pleads the same in the pending action praying a stay of the proceedings and a dismissal with prejudice; and the insurer also sought a dismissal of the complaint because of the discharge in bankruptcy, and plaintiff sought continuance of the case to judgment against the uninsured motorist with provisions made that the judgment would not be personal as against the defendant uninsured motorist; and subsequently the insurer moved for summary judgment and upon hearing had thereon it appeared the claim of plaintiff was listed in

the bankruptcy petition and that plaintiff had received notice thereof together with other notices relating to the application for discharge, etc., and that the discharge was properly granted, the trial judge did not err in granting the stay, dismissing the petition and granting summary judgment to the insurer. "[A] discharge in bankruptcy shall release a bankrupt from all of his provable debts, . . ." Section 17 (a) of the Bankruptcy Act (11 USCA § 35).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MAY 28, 1975 — DECIDED SEPTEMBER 2, 1975 — REHEARING DENIED SEPTEMBER 19, 1975 — ▮

*Kirby G. Bailey,* for appellant.

*Harry Beecham, Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman,* for appellee.