## 30574. WILKINSON v. VIGILANT INSURANCE COMPANY et al.

NICHOLS, Chief Justice.

The appellant in this case was involved in a collision with an uninsured motorist. The appellant filed suit against Craft, the uninsured, and served her own insurance carrier, Vigilant Insurance Company. While the suit was pending, Craft filed a bankruptcy petition in which he scheduled the pending tort claim. He was subsequently discharged by the referee in bankruptcy. The appellant made no appearance in the bankruptcy court. Craft filed a motion to dismiss the suit as to him because of the bankruptcy. Vigilant Insurance Company then filed a motion for summary judgment setting up the uninsured's discharge in bankruptcy as a bar to legal adjudication of liability of the uninsured, and therefore it had no liability to its insured. The trial court granted Vigilant's motion for summary judgment and the Court of Appeals affirmed. *Wilkinson v. Craft,* 135 Ga. App. 738 (219 SE2d 4) (1975). Certiorari was granted to review this ruling.

1. The Court of Appeals has interpreted that part of Code Ann. § 56-407.1(a), providing that liability insurance policies shall contain "provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle," to mean that the injured party must reduce his claim to a judgment in order to establish the amount he is legally entitled to recover. There is no fault in this logic, but to allow an insurer to escape liability under its contract because of the uninsured's bankruptcy would be contrary to the intent and purpose of the Act. (It is the liability to the insured under the contract of insurance that is to be adjudicated whether the uninsured motorist be known or unknown.) This is evidenced by the allowance of a John Doe action in any case of an unknown motorist and also as provided in subsection (d) of Code Ann. § 56-407.1, that: "In cases where the owner or operator of any vehicle causing injury or damages be known, and either or both be named as defendants in any action for such injury or damages, a

copy of such action and all pleadings thereto shall be served as prescribed by law upon the insurance company..." Thus, it is seen that the insurance company is the real party in interest and not the uninsured motorist.

2. It was held in Miller v. Collins, 328 Mo. 313 (40 SW2d 1062), that section 16 of the Bankruptcy Act (11 USCA § 34), applies to liability insurance carriers. That section provides: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." In Miller, supra, it was held (p. 319): "It is unnecessary to determine specifically that the insurer is a co-debtor, or a guarantor, or in any manner a surety for the assured, but it is clear that the insurer falls within one of these classifications. . . Consequently, the liability of the [insurer] is not altered by the discharge of the bankrupt."

Since no liability can attach to the known uninsured, the action should have been allowed to proceed as though it were a John Doe action and the insured can establish "all sums which he shall be legally entitled to recover as damages," caused by the uninsured motorist. The Court of Appeals erred in affirming the grant of summary judgment in favor of the insurance company.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 15, 1976 — DECIDED FEBRUARY 24, 1976 — REHEARING DENIED MARCH 11, 1976.

*Kirby G. Bailey,* for appellant.
*J. Kenneth Moorman, Harry J. Beecham,* for appellees.