## A89A2266. BOLES v. HAMRICK.
### (391 SE2d 418)

SOGNIER, Judge.

Curtis Boles brought suit against Dewey Hamrick seeking damages for injuries incurred in an automobile collision. Boles had his insurer, Allstate Insurance Company ("Allstate") served with a copy

of his complaint, apparently upon a theory that Hamrick was an uninsured motorist at the time of the collision alleged in the complaint. Upon Boles' affidavit that Hamrick could not be found, the trial court authorized service by publication on Hamrick. Hamrick answered and subsequently moved to dismiss Boles' complaint. The trial court granted the motion to dismiss on the bases of lack of jurisdiction over Hamrick, insufficiency of process and service of process, and the running of the statute of limitation on Boles' cause of action. Boles appeals.

Appellant concedes in his brief that the trial court's dismissal of his complaint on the merits as to Hamrick was proper. Appellant's sole argument is that the dismissal was improper as to Allstate. "[T]his court has interpreted the Uninsured Motorist Act to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue and recover a judgment against the uninsured motorist, whether known, [cit.], or unknown, [cit.]." *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 166 (268 SE2d 676) (1980). Appellant asserts that because Allstate was timely served and because Allstate had answered in its own name, no judgment against Hamrick, the uninsured motorist, was required as a condition precedent to his suit against Allstate. In support of his argument appellant cites the language in *Allstate Ins. Co. v. McCall*, 166 Ga. App. 833, 834 (305 SE2d 413) (1983) that "[i]n cases where the insurer *elects* to defend in its own name . . . no judgment against the uninsured motorist is required as a condition precedent to a determination of questions of coverage. *Moss*, supra at 170." Appellant, however, has misread the context of the language he cites, which addresses the consolidation in the answer filed by the uninsured motorist carrier of the two separate issues typically involved in such circumstances: that of the uninsured motorist's tort liability and that of the insurer's liability under the policy to its insured. This court has recognized that "filing of an answer or other response by an insurer in its own name pursuant to OCGA § 33-7-11 (d) does not constitute a waiver of any issues regarding the uninsured motorist's tort liability but merely reflects the insurer's position that, *regardless* of the underlying tort liability, the insurer is not liable under the policy of insurance. [Cits.]" *Jones v. Cotton States Mut. Ins. Co.*, 185 Ga. App. 66, 68 (363 SE2d 303) (1987). Thus, the filing of an answer by the uninsured motorist carrier in its own name does not by itself eliminate the requirement that a judgment first be obtained against the uninsured motorist, as a condition precedent to a claim under the policy against the insurer. See id. at 68-69. Contrary to appellant's assertion, the record establishes clearly that Allstate did not waive any conditions precedent to appellant's recovery under the policy when it answered appellant's complaint. Accordingly, the dismissal on the merits of appellant's com-

plaint as to Hamrick had the ancillary effect of constituting a determination on the merits of appellant's uninsured motorist claim against Allstate, and thus we find no error in the trial court's dismissal of appellant's complaint for the reason enumerated.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 6, 1990 —
REHEARING DENIED FEBRUARY 21, 1990.

*Rubin Law Offices, Robert P. Hoyt*, for appellant.

*Jenkins & Eells, Frank E. Jenkins III, Sharon C. Barnes, Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Fred M. Valz III*, for appellee.