A90A1587. PICKENS v. NATIONWIDE MUTUAL INSURANCE COMPANY.
(398 SE2d 792)

DEEN, Presiding Judge.

On June 27, 1989, Starlette Pickens brought suit against Mikeli Walbei and Vijay Udeshi (Walbei's employer) for injuries that she sustained in an automobile collision with a vehicle driven by Walbei on July 3, 1987. The complaint against Udeshi was voluntarily dismissed two months later. Pickens' efforts to locate Walbei during the six months prior to filing suit indicated that he was not residing at the address provided at the time of the accident, and a skip-tracer was unable to locate him. Nevertheless, Pickens attempted to serve Walbei at his last known address. Nationwide, appellant's uninsured motorist carrier, was apparently also served and answered the complaint. On November 2, 1989, Nationwide filed a motion for summary

judgment. Six days later, Pickens petitioned the court for an order permitting service by publication on Walbei. Pickens appeals from the denial of its motion for service by publication and from the grant of Nationwide's motion for summary judgment.

OCGA § 33-7-11 (d) requires service upon both the uninsured motorist and the uninsured motorist carrier. The plaintiff bears the burden of investigating and learning the defendant's whereabouts. *Jones v. Brown,* 174 Ga. App. 632 (331 SE2d 24) (1985). The two-year statute of limitation in personal injury cases is tolled by the filing of a civil lawsuit within the statutory period. *Bowman v. U. S. Life Ins. Co.,* 167 Ga. App. 673 (307 SE2d 134) (1983). OCGA § 9-11-4 (c), however, requires that service of the complaint be made within five days of filing. "If an action is filed within the [statute of] limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible. If reasonable and diligent efforts are not made to insure proper service as quickly as possible, plaintiff is guilty of laches, and in such case, service will not relate back to the time of the filing of the complaint for the purpose of tolling the statute of limitation. [Cits.]" *Bowman v. U. S. Life Ins. Co.* at 676. The plaintiff bears the burden of showing lack of fault for failure to perfect timely service. *Miller v. Hands,* 188 Ga. App. 256 (372 SE2d 657) (1988). OCGA § 33-7-11 (e) provides that where the owner of a vehicle which causes injury or damage is known, but the person resides out of state, has departed from the state, cannot be found after due diligence within the state, or conceals himself to avoid service of process, an order for service by publication may be granted upon satisfactory showing to the trial court.

In the instant case the plaintiff had made an extensive investigation to learn the defendant's whereabouts prior to filing the complaint. The sheriff's return of service indicated that personal service could not be made upon him at his last known address, and previous inquiry determined that he could not be located within the state. Yet she made no attempt to serve him by publication until after Nationwide moved for summary judgment some four months after personal service was attempted. The trial court did not err in denying the plaintiff's motion for service by publication, as the determination of whether the plaintiff exercised due diligence in perfecting service after the running of the statute of limitation is within the trial court's discretion, which will not be disturbed on appeal absent abuse. *Forsyth v. Brazil,* 169 Ga. App. 438, 439 (313 SE2d 138) (1984). Where, as here, the plaintiff fails to petition the court for service by publication until more than four months have elapsed from the date of filing, the complaint was filed shortly before the running of the statute of limitation, and the plaintiff knew that the defendant could not be lo-

cated within the state at the time the complaint was filed, we find no abuse of the court's discretion. See *Webb v. Murphy*, 142 Ga. App. 649 (236 SE2d 840) (1977); *Early v. Orr*, 135 Ga. App. 887 (219 SE2d 622) (1975).

Appellant argues that failure to perfect service is a matter in abatement which cannot be appropriately disposed of by a motion for summary judgment. *Wentworth v. Fireman's Fund &c. Ins. Co.*, 147 Ga. App. 854, 859 (250 SE2d 543) (1978); *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974). While we agree that this rule is controlling, we do not think that Nationwide's denomination of its motion is controlling. On summary judgment, the court looks to the merits of the case, *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601 (203 SE2d 173) (1974), whereas in the instant case, the insurance company was seeking only dismissal of the case for failure to timely perfect service. We therefore find that the trial court correctly dismissed the complaint. See *Shears v. Harris*, 196 Ga. App. 61 (395 SE2d 300) (1990).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 30, 1990 —
REHEARING DENIED NOVEMBER 14, 1990 — 

*Donald B. Walker*, for appellant.
*Murray, Temple & Dinges, William A. Dinges, Gregg P. Counts, John C. McCaffery*, for appellee.

