A90A1642. McCRARY v. PREFERRED RISK MUTUAL INSURANCE COMPANY et al.
(402 SE2d 519)

COOPER, Judge.
Appellant originally brought this lawsuit to recover damages for

personal injuries he sustained in an automobile accident with the defendant, Martin O. Alin a/k/a Martin O. Aliu ("Alin") which occurred on July 9, 1986. Alin is not a party to this appeal. All the parties agree that appellant did not attain majority until May 18, 1987, and that the statute of limitation on appellant's cause of action expired two years later, on May 18, 1989. Appellant filed his complaint on May 15, 1989, and on May 16, 1989, an attempt to serve Alin failed because he did not live at the address provided by appellant. On May 18, 1989 and May 22, 1989, appellant served his two uninsured motorist insurance carriers, the appellees herein, and the record reflects that no further attempt was made to serve Alin subsequent to the May 16 attempt. On December 18, 1989, one of the insurance carriers filed its motion for summary judgment and subsequent thereto, on January 5, 1990, appellant filed his motion for permission to serve Alin by publication. Appellant supported his motion for publication by service with an affidavit and exhibits documenting the efforts made to locate Alin prior to filing suit; however no evidence was submitted showing any efforts made to locate and serve Alin after the complaint was filed. The trial court denied appellant's motion for service by publication and granted summary judgment for both appellees. Appellant appeals the grant of summary judgment on the ground that appellant's efforts to locate Alin were reasonable and diligent so that the requested service by publication would relate back to the date of filing for the purposes of the statute of limitation.

" 'This court has interpreted the Uninsured Motorist Act to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue and recover a judgment against the uninsured motorist, whether known, or unknown.' [Cit.]" *Boles v. Hamrick*, 194 Ga. App. 595, 596 (391 SE2d 418) (1990). In the instant case, no judgment was rendered against Alin, the uninsured motorist, because service was never perfected, either personally or by publication. Appellant's motion for service by publication was an attempt to toll the statute of limitation by having the service relate back to the date of the filing of the lawsuit, thereby conferring jurisdiction upon the court to render a judgment against Alin and allowing appellant to proceed against the insurance carriers. " 'Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if "the plaintiff (shows) that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. [Cit.]" "A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be. [Cits.]" The determination of whether the plaintiff was guilty of

laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse.' [Cit.]" *Brown v. Bailey*, 180 Ga. App. 555, 567 (1) (349 SE2d 792) (1986). The trial court's order clearly indicates that the court exercised its discretion in determining that appellant failed to carry his burden of proving that he acted diligently. Appellant attempted to ascertain the correct address of Alin and mailed certified letters to Alin at various addresses prior to the time the suit was filed. Once the suit was filed, all further attempts to serve Alin ceased until appellant's motion for publication by service was filed approximately seven months later, even though OCGA § 33-7-11 (e) specifies the method for service by publication of an uninsured motorist who cannot be located. Appellant never requested a special process server or hired an investigator to locate Alin. Under the circumstances, we find that the trial court did not abuse its discretion in determining that appellant had not acted diligently, and in disallowing service by publication.

Since no service was perfected on Alin and since the statute of limitation has run, the trial court is without jurisdiction to enter judgment against him. Therefore, the condition precedent to obtaining judgment against appellees cannot be accomplished, and summary judgment in favor of the appellees was proper.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 11, 1991 —
REHEARING DENIED FEBRUARY 27, 1991.

*Richard P. Schultz*, for appellant.

*Murray, Temple & Dinges, Malcolm S. Murray, William D. Temple, Jeffrey P. Raasch, Brock & Clay, Marjorie M. Rogers*, for appellees.