A92A0363. LOWES v. ALLSTATE INSURANCE COMPANY.
(418 SE2d 465)

BEASLEY, Judge.

Plaintiff appeals the grant of summary judgment in favor of defendant Allstate Insurance Company in this action for personal injuries sustained in an automobile accident.

The complaint alleged that plaintiff was injured on April 2, 1988, when an automobile owned by defendant Crye and being operated by defendant Ward collided with his car. Suit was filed on March 30, 1990, three days before the expiration of the statute of limitation. Crye and Ward were named as party defendants, and Allstate was

served under OCGA § 33-7-11 (d) as plaintiff's uninsured motorist carrier.

Service on Crye and Ward was attempted by the sheriff without success on April 2, 1990, at the address shown on the motor vehicle accident report. There was a notation on the return of service to the effect that both defendants had moved to California one year previously.

Allstate answered the complaint "pursuant to the [Georgia] Uninsured Motorist Statute . . . without making its election under said statute to appear and answer in its own name or in the name of the named defendants or both . . . and without waiving its right to appear and answer in the name of the named defendants, as such named defendants have not yet been served with process. . . ." It asserted defenses of lack of personal jurisdiction over defendants Crye and Ward since neither had been served; that it is without liability since judgment had not been obtained against the named defendants; and that neither defendant is an uninsured motorist as defined by OCGA § 33-7-11. Allstate conducted discovery, but did so specifically without making an election as to appearance under the uninsured motorist statute.

Allstate filed its motion for summary judgment, or alternatively to dismiss, on May 29, 1991, over a year after the sheriff's information as to whereabouts had been filed. It asserted noncompliance with OCGA § 9-11-4 (c) and the expiration of the statute of limitation, which also occurred over a year earlier.

1. Plaintiff enumerates error in the conclusion that he failed to exercise due diligence in attempting to obtain service on the uninsured defendants.

" 'The statute of limitation is tolled by the commencement of a civil action at law. OCGA § 9-11-4 (c) . . . requires that service of a complaint shall be made within five days of the filing of the complaint. If an action is filed within the period of limitation, but not served upon the defendant within five days or within the limitation period, plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to insure that proper service is made as quickly as possible.' " *Brumbalow v. Fritz*, 183 Ga. App. 231, 232 (358 SE2d 872) (1987). If this is not done, laches precludes the tolling of the statute of limitation by way of relation back of service to the filing of the complaint. Ibid.

Plaintiff established merely that defendants no longer reside at the address shown on the accident report and are not listed in the local area city or telephone directories. Following the sheriff's unsuccessful effort to serve them, not even service by publication was attempted. See OCGA § 33-7-11 (e). There was only a request in plaintiff's brief in opposition to summary judgment to allow service by

publication. Even if the request was in proper form, it was not filed until more than 16 months had elapsed following the expiration of the statute of limitation. It was not an abuse of discretion to conclude that plaintiff failed to establish due diligence in insuring proper service. See *Pickens v. Nationwide Mut. Ins. Co.*, 197 Ga. App. 550 (398 SE2d 792) (1990).

2. Plaintiff contends that service on the named defendants was in any event unnecessary because Allstate failed to elect to answer the complaint in its own name or in that of the known defendants.

OCGA § 33-7-11 (d) provides: "In the case of a known owner or operator of [an uninsured] vehicle, either or both of whom [is] named as a defendant in [an] action [for damages], the insurance company issuing the policy shall have the right to file pleadings and take other action allowable by law in the name of either the known owner or operator or both or itself." The insurance company is afforded "the status of a party if it so chooses." *Starks v. Robinson*, 189 Ga. App. 168, 169 (1) (375 SE2d 86) (1988). But even "filing of an answer or other response by an insurer in its own name pursuant to OCGA § 33-7-11 (d) does not constitute a waiver of any issues regarding the uninsured motorist's tort liability but merely reflects the insurer's position that, *regardless* of the underlying tort liability, the insurer is not liable under the policy of insurance." *Jones v. Cotton States Mut. Ins. Co.*, 185 Ga. App. 66, 68 (1) (363 SE2d 303) (1987).

Allstate's answering the complaint without making an election under OCGA § 33-7-11 (d) did not affect plaintiff's rights. Nor did it affect the plaintiff's obligation to serve the named defendants. The insurer made its position clear from the beginning and continued to do so throughout the discovery process. Allstate did not waive the condition precedent that judgment first be obtained against Crye and Ward. Accord *Boles v. Hamrick*, 194 Ga. App. 595 (391 SE2d 418) (1990); *Jones*, supra.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 4, 1992.

*Barbara S. Arthur*, for appellant.
*Luther, Anderson, Cleary & Ruth, Steven W. Kreitzer*, for appellee.