A93A2553. TINSLEY et al. v. WORLDWIDE INSURANCE COMPANY.
(442 SE2d 877)

COOPER, Judge.

Appellants John and Mary Tinsley brought an action against the City of Valdosta, the Valdosta Police Department and Officer Patricia Smith for injuries sustained by John Tinsley when his car collided with a police car which was following an ambulance through an intersection. Appellee was served with a copy of the complaint, presumably as appellants' uninsured motorist carrier. The trial court granted summary judgment to the defendants based on sovereign and official immunity. No appeal was taken from the court's order. Appellee then filed a motion for summary judgment which the court also granted. In its order, the court cited the long-standing rule that a condition precedent to coverage is the establishment of legal liability on the part of the defendants. *Cash v. Balboa Ins. Co.,* 130 Ga. App. 60, 61 (202 SE2d 252) (1973). However, since summary judgment was granted to the defendants based on sovereign immunity, the court found that appellants failed to meet the condition precedent and therefore were not entitled to coverage. This appeal followed, appellants asserting as error the grant of summary judgment upon the finding that the condition precedent is an absolute condition precedent, applicable in all cases.

OCGA § 33-7-11 (a) (1) requires an uninsured motorist carrier "to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. . . ." " '(T)his court has interpreted the Uninsured Motorist Act ["the Act"] to require, as a condition precedent to a suit against the insurance carrier, that the insured first sue and recover a judgment against the uninsured motorist, whether known, (cit.), or unknown, (cit.).' [Cit.]" *Boles v. Hamrick,* 194 Ga. App. 595, 596 (391 SE2d 418) (1990). However, in *Wilkinson v. Vigilant Ins. Co.,* 236 Ga.

456 (224 SE2d 167) (1976), the Supreme Court held that the general rule did not apply in a case in which a judgment could not be obtained against the uninsured motorist because of a discharge in bankruptcy. The court concluded that the Act was intended to allow for the adjudication of the insurer's liability to the insured under the contract of insurance whether the uninsured motorist is known or unknown; thus, the insurance company is the real party in interest and not the uninsured motorist. Id. at 456-457. Accordingly, the court determined that it would be contrary to the purpose of the Act to allow an insurer to escape liability under its contract because of the uninsured motorist's bankruptcy. Id. at 456. "Since no liability can attach to the known uninsured [motorist], the action should have been allowed to proceed as though it were a John Doe action and the insured can establish 'all sums which he shall be legally entitled to recover as damages,' caused by the uninsured motorist." Id. at 457. Appellants contend that the rule is likewise inapplicable in the instant case because judgment against the defendants is similarly barred by sovereign immunity.

Appellee contends that for various reasons the exception created in *Wilkinson* should be limited to the facts and circumstances of that case, chiefly because bankruptcy discharge and sovereign immunity are not analogous. Appellee urges that the more important aspect of the *Wilkinson* decision is not the court's determination that the uninsured motorist carrier is obligated to its insured whether the uninsured motorist is known or unknown and whether he is amenable to judgment or not under the Act. Instead, appellee contends that the more significant aspect of the case was the court's recognition of the specific provision in the bankruptcy code which establishes that the liability of an insurance carrier cannot be altered by the discharge of the bankrupt. Id. at 457. Appellee also points to the fact that after *Wilkinson* was decided, the General Assembly codified the bankruptcy exception. See OCGA § 33-7-11 (a) (4). However, "[a]ny difference between [sovereign immunity] and the effect of a bankruptcy discharge, is legally insignificant." *Watkins v. United States*, 462 FSupp. 980, 991 (S.D. Ga. 1977). "A bankruptcy discharge is a valid defense to a claim or judgment on a debt, operating as 'a bar to all future legal proceedings for the enforcement of the discharged debt.' [Cits.]" Id. Sovereign immunity has the same effect, barring suits against public officials for liability for their negligent acts (see *Logue v. Wright*, 260 Ga. 206 (1) (392 SE2d 235) (1990)), as well as, municipalities for the negligent acts of their agents in their official capacities. See generally *Hiers v. City of Barwick*, 262 Ga. 129 (2) (414 SE2d 647) (1992); *Hennessy v. Webb*, 245 Ga. 329, 330 (264 SE2d 878) (1980).

Appellee's other attempts to legally and factually distinguish

*Wilkinson* are also unavailing. Appellee points to cases decided since *Wilkinson* in which this court continues to uphold the requirement that the insured recover judgment against the wrongdoer to be legally entitled to receive uninsured motorist benefits. In those cases, the court has allowed liability defenses available to the uninsured motorist to inure to the benefit of the uninsured motorist carrier. See *Boles*, supra; *Lowes v. Allstate Ins. Co.*, 204 Ga. App. 148 (1) (418 SE2d 465) (1992); *McCrary v. Preferred Risk Mut. Ins. Co.*, 198 Ga. App. 727 (402 SE2d 519) (1991). However, in those cases, plaintiffs suffered dismissals of their complaints first against uninsured motorists "*on the merits*," based on lack of service or jurisdiction. The dismissals of the uninsured motorists on the merits then had the "ancillary effect of constituting a determination on the merits of [plaintiffs'] uninsured motorist claim[s] against [the uninsured motorist carriers]." *Boles*, supra at 596-597; *Lowes*, supra at 149-150; *McCrary*, supra at 728-729. However, the key factor which unites *Wilkinson* to the case at bar is the impossibility of appellants ever obtaining a judgment against the uninsured motorist. For this reason, we find that it would defeat the intent and purpose of the Act if the appellee were allowed to escape liability because of the defendants' discharge from this litigation under the doctrine of sovereign immunity.

Thus, this "action should have been allowed to proceed as though it were a John Doe action and the insured can establish 'all sums which he shall be legally entitled to recover as damages,' caused by the uninsured motorist." *Wilkinson*, supra at 457. Accordingly, the trial court erred in granting appellee's motion for summary judgment.

*Judgment reversed. Smith, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur because the impossibility of a judgment against the uninsured motorist is created by law unrelated to the merits of the case and not through any inaction or procedural misstep of the injured party.

That is, the law prevents the condition precedent from being satisfied. In *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456 (224 SE2d 167) (1976), it was the discharge in bankruptcy; in this case it is the sovereign immunity of defendant. In both cases, the merits of tort liability could not be reached because of the legal bar to reaching them. It is for this reason that the law does not insist that the condition precedent be fulfilled, for to insist would clothe the insurer with the insulation afforded the tortfeasor, which insulation is not intended to shield the insurer from compliance with *its* contractual obligation.

DECIDED MARCH 17, 1994 —
RECONSIDERATION DENIED APRIL 1, 1994 —

. *Dodd & Turner, Roger J. Dodd*, for appellants.
*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, George T. Talley, Hicks, Casey & Young, Mark A. Barber*, for appellee.