## A99A2045. BROWN et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
### (529 SE2d 439)

POPE, Presiding Judge.

Alona Brown's tort suit was dismissed on the grounds that she failed to timely serve the defendant after the running of the statute of limitation. The uninsured motorist carrier raised this defense in response to Brown's failure to serve. Brown appeals, contending that she diligently attempted to locate the defendant and that her motion to serve by publication should have been granted.

On October 7, 1998, five days before the running of the statute of limitation, Brown, for herself and as guardian of a minor, brought suit against Alton Snow, Jr. for injuries arising out of a car accident. Although Brown served State Farm Mutual Automobile Insurance Company, her uninsured motorist carrier, Brown has never served Snow. On January 19, 1999, State Farm filed a motion to dismiss. Over one month later, on February 22, Brown filed a motion requesting permission for service by publication. On April 9, the trial court granted State Farm's motion to dismiss.

1. As we have previously held,

> [w]here service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.

(Citation and punctuation omitted.) *Forsyth v. Brazil*, 169 Ga. App. 438 (313 SE2d 138) (1984); *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33) (1990) (applying *Brazil* to uninsured motorist case). If the plaintiff is unable to obtain personal service, then OCGA § 33-7-11 (e) of the uninsured motorist statute allows

service by publication upon a showing of due diligence. *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50, 52 (268 SE2d 632) (1980). In order to obtain service by publication, the plaintiff must show due diligence in determining whether the defendant was either out of state or avoiding service. OCGA § 33-7-11 (e); *Wilson v. State Farm &c. Ins. Co.*, 239 Ga. App. 168, 171 (520 SE2d 917) (1999).

When the defendant has not been served, on an appropriate motion the trial judge must examine the facts and determine whether the plaintiff was guilty of laches in failing to serve the defendant in a diligent manner. *McCrary v. Preferred Risk Mut. Ins. Co.*, 198 Ga. App. 727, 728 (402 SE2d 519) (1991). This determination "is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." (Citation and punctuation omitted.) Id. at 729.

In *Pickens v. Nationwide &c. Ins. Co.*, 197 Ga. App. 550 (398 SE2d 792) (1990), this court held that the plaintiff's failure to move for service by publication for more than four months from the date of filing when the complaint was filed shortly before the running of the statute of limitation, combined with the fact that the plaintiff knew the defendant could not be found in the state when the complaint was filed, was sufficient support for a finding of lack of due diligence.

The evidence in this case reveals that Brown's initial effort to serve the defendant at the time of the complaint failed. After three months passed, State Farm filed a motion to dismiss, and Brown did not move for service by publication for another month after the motion. Brown's attorney submitted an affidavit describing in general his efforts to locate Snow. But the affidavit contains only vague statements about his efforts, and it does not provide dates or other specifics sufficient to gauge his effort.

On the day of the hearing on State Farm's motion to dismiss, Brown submitted affidavits from Jonas Berwick, an employee of a "national locator service," and Douglas E. Dreeman, a permanently appointed DeKalb County process server. Berwick's affidavit states in conclusory fashion that he diligently but unsuccessfully attempted to locate Snow's residence using computer databases. Dreeman stated that he was unsuccessful in attempting to serve the defendant on one day in January 1999 and another in February. He also investigated leads on two other occasions to no avail. But more importantly, all of Dreeman's efforts occurred after State Farm filed its motion to dismiss.

Because there is no evidence of any effort to locate or serve Snow for three months between the initial failed attempt and State Farm's motion to dismiss, we cannot say the trial court abused its discretion in finding a lack of due diligence.

2. Brown also contends that it is against public policy to allow

the uninsured motorist carrier to move to dismiss the action based on a failure to serve the defendant when the action potentially involves that carrier and when the carrier has been properly served.

> The purpose of uninsured motorist legislation is to require some provision for first-party insurance coverage to facilitate indemnification for injuries to a person who is *legally entitled to recover damages from an uninsured motorist*, and thereby to protect innocent victims from the negligence of irresponsible drivers.

(Citations and punctuation omitted; emphasis supplied.) *Smith*, 246 Ga. at 51.

It is true that a known motorist is deemed uninsured when he cannot be personally served. *Smith*, 246 Ga. at 52. But, under those circumstances, a plaintiff is not "legally entitled to recover damages from the uninsured motorist" unless he or she serves the defendant by publication and reduces his or her claim against the defendant to a judgment. Id. at 51; *Boles v. Hamrick*, 194 Ga. App. 595, 596 (391 SE2d 418) (1990). And, under OCGA § 33-7-11 (d) and (e), the uninsured motorist carrier can answer in its own name, become a party to the litigation, and contest issues of liability, damages and coverage. The carrier is allowed to assert any defense that would be available to the defendant. *Milburn v. Nationwide Ins. Co.*, 228 Ga. App. 398, 399 (1) (491 SE2d 848) (1997). We find no merit to Brown's argument.

*Judgment affirmed. Smith and Miller, JJ., concur.*

DECIDED FEBRUARY 10, 2000.

*Law Offices of V. Allan Khoshbin, Rajan Bhandari*, for appellants.

*Harper, Waldon & Craig, Christopher M. Farmer, Janice M. Wallace*, for appellee.