## A03A2290. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. WILLIAMS.

(597 SE2d 430)

MIKELL, Judge.

Natalie Trenise Williams filed this personal injury action to recover uninsured motorist benefits for injuries she sustained in an accident that occurred in Florida. Williams's uninsured motorist carrier, Georgia Farm Bureau Mutual Insurance Company ("Farm Bureau"), filed a motion for summary judgment, arguing that Williams could not recover uninsured motorist benefits as a matter of law because she failed to prove that she was legally entitled to recover damages from the alleged uninsured motorist. The trial court denied Farm Bureau's motion. We affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A defendant need not produce any evidence, but must only point to an absence of evidence to support at least one essential element of the plaintiff's claim. Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.[1]

So viewed, the evidence reveals that on October 4, 2000, Williams was involved in an automobile accident with a vehicle operated by Megan Habel in Tallahassee, Florida. The automobile driven by Habel was insured by Cincinnati Insurance Company ("Cincinnati"). Following the accident, Williams made a demand on Cincinnati for damages for the personal injuries that she sustained in the accident. Cincinnati declined to pay because Williams did not present evidence sufficient to satisfy the tort threshold of Florida's no-fault statute, Fla. Stat. § 627.737 (2).[2] The statute precludes bodily injury claims arising out of the ownership, use, or maintenance of an automobile unless the injury consists in whole or part of (a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (c) significant and permanent scarring or disfigurement; or (d) death. On or about July 12, 2002, Williams filed this suit against John Doe and served Farm Bureau as her uninsured

---

[1] (Citations and punctuation omitted.) *Phillips v. South West Mechanical Contractors*, 254 Ga. App. 144 (561 SE2d 471) (2002).

[2] At no time, however, has Cincinnati claimed that it did not provide liability coverage to Habel in connection with the accident.

motorist carrier, contending that since Cincinnati "legally denied coverage" under its liability policy, she is entitled to uninsured motorist benefits from Farm Bureau.[3]

1. We granted Farm Bureau's application for interlocutory appeal because this is a case of first impression in Georgia. The issue is whether the uninsured motorist coverage of a family liability coverage policy issued in Georgia can benefit the policyholder when the insured cannot recover against a motorist who is insured by a liability insurance policy but is granted immunity by the no-fault act applicable in the jurisdiction where the accident occurred.[4] At first blush, the answer would seem to be no, because generally, to recover under uninsured motorist provisions in Georgia, the injured party has to prove two things: (1) that the tortfeasor was uninsured; and (2) that the tortfeasor was liable. In the case sub judice, the affidavit of Cincinnati's Dean Deloach plainly states that the alleged tortfeasor was insured and that Cincinnati never denied coverage. Moreover, under Florida law, the alleged tortfeasor cannot be sued and found liable because of the no-fault provisions of the Florida statute.[5]

The cases, in particular *Wilkinson v. Vigilant Ins. Co.*[6] and *Tinsley v. Worldwide Ins. Co.*,[7] lend credence to Williams's argument that under OCGA § 33-7-11 (b) (1) (D) (iii), uninsured motorist coverage is available where the alleged tortfeasor is insured, but for some reason no recovery can be obtained against her insurance carrier.[8] In *Wilkinson*,[9] the plaintiff's action was allowed to proceed as a John Doe action where the tortfeasor's liability was discharged by bankruptcy.[10] In *Tinsley*,[11] following the precedent set in *Wilkinson*, we held that the plaintiffs were not barred from seeking damages from their uninsured motorist carrier where the tortfeasor was protected by sovereign immunity.[12] Under these precedents, uninsured motorist insurance is available where it is impossible for the

---

[3] Williams admitted in response to Farm Bureau's requests for admissions that she did not sue Habel because the Florida statute precluded her from doing so.

[4] "Under the rule of lex loci delicti, tort cases are governed by the substantive law of the state where the tort was committed." (Citation omitted.) *Fed. Ins. Co. v. Nat. Distrib. Co.*, 203 Ga. App. 763, 765 (417 SE2d 671) (1992).

[5] The record presented to the trial court when it decided the motion for summary judgment and the appellate record do not definitively establish the lack of serious injuries that precludes the appellee from suing under Florida law. However, appellee's brief and oral argument impliedly concede that such is the case.

[6] 236 Ga. 456 (224 SE2d 167) (1976).

[7] 212 Ga. App. 809 (442 SE2d 877) (1994).

[8] *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50, 52 (268 SE2d 632) (1980).

[9] Supra.

[10] Id. at 457 (2).

[11] Supra.

[12] Id. at 811.

plaintiff to obtain a judgment against an insured motorist for reasons unrelated to the facts of the accident.[13]

In the case at bar, the reason no judgment can be obtained is not because of the facts of the accident, but because of the public policy and statutes of the place where the accident occurred. Therefore, based on the reasoning of *Wilkinson* and *Tinsley*, we find that the trial court's decision to allow Williams's John Doe action to proceed against Farm Bureau was correct. We are not otherwise persuaded by the foreign authority cited in Farm Bureau's brief.

One of the goals of uninsured motorist legislation is to protect innocent victims from the negligence of irresponsible drivers.[14] Because uninsured motorist statutes are remedial in nature, they must be broadly construed to accomplish the legislative purpose.[15] In light of that purpose, we are unwilling to allow Farm Bureau to escape liability based on considerations unrelated to the accident. Therefore, Williams must be allowed the opportunity to "establish all sums which [she] shall be legally entitled to recover as damages, caused by the uninsured motorist."[16]

2. Farm Bureau contends that the trial court erred in denying its motion for summary judgment on the issue of bad faith damages pursuant to OCGA § 33-4-6. We agree.

> To support a cause of action for bad faith penalties and attorney fees against an insurance company for refusal to pay a claim, it must be shown that the refusal was made in bad faith. The insured bears the burden of proving bad faith, which is defined as any frivolous and unfounded refusal in law or in fact to comply with the demand of the policyholder to pay according to the terms of the policy.[17]

There was no evidence of bad faith presented in this case. Furthermore, due to the unique issue of law presented here, we cannot find that Farm Bureau's refusal to pay Williams's demand constituted bad faith. Thus, the trial court's denial of Farm Bureau's motion for summary judgment on the issue of bad faith damages is reversed.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Eldridge, J., concur.*

---

[13] Id. at 811 (Beasley, P. J., concurring specially).

[14] *Brown v. State Farm &c. Ins. Co.*, 242 Ga. App. 313, 315 (2) (529 SE2d 439) (2000).

[15] *Smith,* supra at 51.

[16] (Citation and punctuation omitted.) *Tinsley,* supra at 811.

[17] (Citations and punctuation omitted.) *Fortson v. Cotton States Mut. Ins. Co.*, 168 Ga. App. 155, 157 (1) (308 SE2d 382) (1983).

DECIDED MARCH 3, 2004 —
RECONSIDERATION DENIED MARCH 25, 2004 — 

*Brennan, Harris & Rominger, G. Mason White, James D. Kreyenbuhl*, for appellant.

*Franklin, Taulbee, Rushing, Snipes & Marsh, James B. Franklin, Daniel B. Snipes*, for appellee.