[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10266
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00191-BAE-GRS

FCCI INSURANCE COMPANY,

Plaintiff - Appellant,

versus

MCLENDON ENTERPRISES, INC.,
BROOKS LAMAR MITCHELL,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 3, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA,
PURSUANT TO O.C.G.A. § 15-2-9.  TO THE SUPREME COURT OF
GEORGIA AND ITS HONORABLE JUSTICES:

This case arises from an automobile collision between a vehicle driven by Brooks Lamar Mitchell in his capacity as an employee of McLendon Enterprises, Inc. (McLendon) and an Evans County school bus.  The district court, applying Georgia law, determined that Mitchell could recover under McLendon's policy with FCCI Insurance Co., which promised to pay sums he was "legally entitled to recover" from an uninsured motorist.  The district court found that Mitchell could make a claim under this provision even though Evans County's partial sovereign immunity prevented Mitchell from establishing in a lawsuit that he was legally entitled to recover the full amount of his damages from Evans County.

To reach this decision, the district court looked to *Tinsley v. Worldwide Ins. Co.*, 442 S.E.2d 877, 878-79 (Ga. Ct. App. 1994), for guidance.  In *Tinsley*, the Georgia Court of Appeals held that an insured couple could maintain a claim under their uninsured-motorist coverage notwithstanding the complete sovereign immunity of the party that injured them (i.e., the tortfeasor) and their resulting inability to establish in court that they were "legally entitled to recover" from that party.  The *Tinsley* court reasoned that where it was impossible for an insured party

2

to ever obtain a judgment against the tortfeasor, allowing the insurer to escape liability based on the insured's failure to do so would defeat the intent and purpose of Georgia's Uninsured Motorist Act. *Id.* at 879.

Unlike in *Tinsley*, however, the tortfeasor in the instant case was entitled to only partial sovereign immunity, so it was not impossible for the insured party to ever obtain a judgment against it. The district court stated that it "[found] *Tinsley* persuasive and extend[ed] its sound reasoning to tortfeasors who are partially protected by sovereign immunity." However, neither the Georgia Supreme Court nor the Georgia Court of Appeals has addressed this situation, and this appeal therefore hinges on an issue of Georgia law for which no clear, controlling precedent exists.

"When substantial doubt exists about the answer to a material state law question upon which the case turns, a federal court should certify that question to the state supreme court in order to avoid making unnecessary state law guesses and to offer the state court the opportunity to explicate state law." *Forgione v. Dennis Pirtle Agency, Inc.*, 93 F.3d 758, 761 (11th Cir. 1996). We conclude that this is an appropriate step to take in the instant case. Accordingly, pursuant to O.C.G.A. § 15-2-9(a), we respectfully certify the following question to the Supreme Court of Georgia:

> Can an insured party recover under an uninsured-motorist insurance policy providing that the insurer will pay sums "the insured is legally

3

entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle" despite the partial sovereign immunity of the tortfeasor?

Our phrasing of this question is merely suggestive and does not restrict the scope of the Court's inquiry. *Amend v. 485 Props., LLC*, 409 F.3d 1288, 1289 (11th Cir. 2005). To assist the Court's consideration, the entire record, together with the parties' briefs, shall be transmitted herewith to the Supreme Court of Georgia.

**QUESTION CERTIFIED.**