297 Ga. 136
FINAL COPY

S15Q0286.   FCCI INSURANCE COMPANY  v. McLENDON
ENTERPRISES, INC. et al.

HINES, Presiding Justice.

This case is before this Court on a certified question from the United States Court of Appeals for the Eleventh Circuit[1] in litigation seeking declaratory relief regarding the rights of recovery of an insured under an uninsured motorist insurance policy.   See *FCCI Ins. Co. v. McLendon Enterprises*, 2013 WL 6731420 (S.D. Ga. 2013).

The question certified is:

> Can an insured party recover under an uninsured-motorist insurance policy providing that the insurer will pay sums "the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle" despite the partial sovereign immunity of the tortfeasor?

We answer the question in the affirmative.

### BACKGROUND

The certified question arises from a declaratory judgment action related

---

[1] 1983 Ga. Const., Art. VI, Sec. VI, Par. IV; OCGA § 15-2-9.

to underinsured motorist coverage[2] under a commercial auto insurance policy issued by FCCI Insurance Company ("FCCI").[3] The litigation is the result of a September 22, 2011 collision between a McLendon Enterprises, Inc. ("McLendon") truck driven by McLendon employee Brooks Lamar Mitchell ("Mitchell") and occupied by Elijah Profit III ("Profit") and Bobby Brooks Mitchell ("Bobby") and an Evans County school bus driven by John Rush Haartje ("Haartje"). Profit, Bobby, and Mitchell claimed injuries as a result of the collision. In May 2013, Mitchell filed suit in state court against Haartje and the Evans County Board of Education ("Board") to recover for his alleged damages. Mitchell served FCCI as McLendon's uninsured motorist (UM) carrier. At the time of the collision, the School District had an insurance policy with GSBA Risk Management Services ("GSBA") with a $1,000,000 liability limit. Under the policy, GSBA paid out the $1,000,000 liability limits for damages related to the collision. It settled with Profit and Bobby for $350,000 combined and agreed to pay Mitchell the remaining $650,000 in exchange for

---

[2]If the motorist is uninsured or underinsured, the statutory characterization is that of "uninsured." See OCGA § 33-7-11 (b) (1) (D) (ii).

[3]The policy was effective from June 30, 2011 through June 30, 2012.

2

a limited liability release, thereby exhausting its $1,000,000 liability limits.[4] It is undisputed that the School District and Haartje are immune from any liability above the limits of the GSBA policy. Mitchell filed for UM benefits from FCCI. FCCI denied liability on the basis of the at-fault driver's statutory immunity.

PROCEEDINGS IN FEDERAL COURT

FCCI filed a complaint for declaratory judgment in the United States District Court for the Southern District of Georgia seeking a declaration and judgment that it was not obligated to defend, indemnify, or expend any sums on behalf of McLendon for any damages or bodily injury allegedly arising from the 2011 collision. Applying Georgia law, the District Court determined that Mitchell could recover under McLendon's policy with FCCI, which promised to pay sums Mitchell was "legally entitled to recover" from an uninsured motorist. The District Court found that Mitchell could do so even though Evans County's partial sovereign immunity prevented him from establishing in a lawsuit that he was legally entitled to recover the full amount of his damages

---

[4]Mitchell also made claims against personal auto insurers, Foremost Insurance Company and Progressive Insurance Company, and the insurers each paid its UM policy limits of $100,000 and $50,000 respectively.

from Evans County. In reaching that decision, the District Court specifically looked to *Tinsley v. Worldwide Ins. Co.*, 212 Ga. App. 809 (442 SE2d 877) (1994) for guidance. *Tinsley* held that an insured couple could maintain a claim under their UM coverage notwithstanding the complete sovereign immunity of the party that injured them (i.e., the tortfeasor) and their resulting inability to establish in court that they were "legally entitled to recover" from that party.[5] The District Court found *Tinsley* "persuasive and extend[ed] its sound reasoning to tortfeasors who are partially protected by sovereign immunity." On appeal by FCCI to the Eleventh Circuit, the Eleventh Circuit concluded that inasmuch as neither this Court nor the Court of Appeals of Georgia has addressed such situation, the appeal hinges on an issue of Georgia law for which there is no clear, controlling precedent, and certified the question.

---

[5]In 1994, when *Tinsley* was decided, OCGA § 33-7-11 (a) (1) provided that an uninsured motorist carrier "pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. . . ." The statute was amended in 2006, and in subparagraph (a) (1), such language was removed, and substituted was: "pay the insured damages for bodily injury, loss of consortium or death of an insured, or for injury to or destruction of property of an insured under the named insured's policy sustained from the owner or operator of an uninsured motor vehicle. . . ." The Court of Appeals has opined that such amendment was not intended to "eviscerate the requirement for a judgment against the uninsured motorist." *Durrah v. State Farm Fire and Cas. Co.*, 312 Ga. App. 49, 52 (2) (717 SE2d 554) (2011). This Court need not address that question because even based upon prior interpretations of the pre-2006 statutory language, which is the language in the insurance policy at issue, we hold that the insured party can recover UM benefits in this case.

DISCUSSION

The District Court properly applied the rationale and holding of *Tinsley v. Worldwide Ins. Co.*, supra to the case at bar. As the District Court noted, the focus of the dispute is the insurance contract's phrase "legally entitled to recover."[6] FCCI argued that the phrase meant that recovery from the tortfeasor was possible, while Mitchell argued that the phrase meant that the insured had to show that the fault of the uninsured motorist gave rise to damages. After finding that the insurance policy was ambiguous in this regard, the District Court decided the issue based upon state statute, namely OCGA § 33-24-51, and state caselaw, specifically, *Tinsley v. Worldwide Ins. Co.*, supra.

OCGA § 33-24-51 provides in relevant part:

> (a) A municipal corporation, a county, or any other political subdivision of this state is authorized in its discretion to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury to any person or for damage to property of any person, or for both arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation, county, or any other political

---

[6]The policy states in relevant part that "after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements," FCCI will pay "all sums in excess of the applicable deductible option . . . that the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" The policy then provides that an underinsured motor vehicle is an "uninsured motor vehicle" if damages exceed the limits of all applicable liability bonds or policies.

subdivision of this state under its management, control, or supervision, whether in a governmental undertaking or not, and to pay premiums for the insurance coverage.

(b) The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived as provided in Code Section 36-92-2.[7]

[7]OCGA § 36-92-2 provides:

(a) The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived up to the following limits:

(1) $100,000.00 because of bodily injury or death of any one person in any one occurrence, an aggregate amount of $300,000.00 because of bodily injury or death of two or more persons in any one occurrence, and $50,000.00 because of injury to or destruction of property in any one occurrence, for incidents occurring on or after January 1, 2005, and until December 31, 2006;

(2) $250,000.00 because of bodily injury or death of any one person in any one occurrence, an aggregate amount of $450,000.00 because of bodily injury or death of two or more persons in any one occurrence, and $50,000.00 because of injury to or destruction of property in any one occurrence, for incidents occurring on or after January 1, 2007, and until December 31, 2007; and

(3) $500,000.00 because of bodily injury or death of any one person in any one occurrence, an aggregate amount of $700,000.00 because of bodily injury or death of two or more persons in any one occurrence, and $50,000.00 because of injury to or destruction of property in any one occurrence, for incidents occurring on or after January 1, 2008.

(b) The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived only to the extent and in the manner provided in this chapter and only with respect to actions brought in the courts of this state. This chapter shall not be construed to affect any claim or cause of action otherwise permitted by law and for which the defense of sovereign immunity is not available.

(c) Local government entities shall have no liability for losses resulting from conduct on any part of local government officers or employees which was not within the scope of their official duties or employment.

(d) The waiver provided by this chapter shall be increased to the extent that:

(1) The governing body of the local governmental entity by resolution or ordinance                              voluntarily adopts a higher waiver;

6

Whenever a municipal corporation, a county, or any other political subdivision of this state shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his or her official duties in an amount greater than the amount of immunity waived as in Code Section 36-92-2, its governmental immunity shall be waived to the extent of the amount of insurance so purchased. Neither the municipal corporation, county, or political subdivision of this state nor the insuring company shall plead governmental immunity as a defense; and the municipal corporation, county, or political subdivision of this state or the insuring company may make only those defenses which could be made if the insured were a private person.

(c) The municipal corporation, county, or any other political subdivision of this state shall be liable for damages in excess of the amount of immunity waived as provided in Code Section 36-92-2 which are sustained only while the insurance is in force and only to the extent of the limits or the coverage of the insurance policy.

. . .

Thus, there is express statutory provision for the waiver of sovereign immunity by a local governmental entity to the extent that it purchases liability insurance in an amount in excess of the limits set forth in OCGA § 36-92-2.

---

(2) The local government entity becomes a member of an interlocal risk management agency created pursuant to Chapter 85 of this title to the extent that coverage obtained exceeds the amount of the waiver set forth in this Code section; or

(3) The local government entity purchases commercial liability insurance in an amount in excess of the waiver set forth in this Code section.

(e) Interest prior to judgment may be recovered pursuant to the "Unliquidated Damages Interest Act" as provided for in Code Section 51-12-14; however, any recovery of interest prior to judgment shall be included within the applicable aggregate amount per occurrence as set forth in this Code section.

7

*Gates v. Glass*, 291 Ga. 350, 352-353 (729 SE2d 361) (2012). And, the statute makes plain that the governmental entity, in this case Evans County, is to be treated as a private person for defensive purposes in an action such as this. As the District Court stated, Evans County's ability to compensate Mitchell for his damages is limited to the GSBA $1,000,000 insurance policy. Thus, if damages sustained by Mitchell exceed the $650,000 allocated to him under the GSBA policy and any recovery from other applicable insurance bonds or policies, then he can be made whole only by resorting to the FCCI insurance policy.

As noted, in *Tinsley v. Worldwide Ins. Co.*, the Court of Appeals concluded that a plaintiff should be legally entitled to recover from an insurance company even when sovereign immunity completely bars recovery from the tortfeasor, and consequently, the plaintiff is unable to first sue and recover a judgment against the uninsured motorist, which under the Uninsured Motorist Act ("the Act"), OCGA § 33-7-11 et seq., generally has been considered a condition precedent to a suit against the insurance carrier. This Court in *Wilkinson v. Vigilant Ins. Co.*, 236 Ga. 456 (224 SE2d 167) (1976), determined that this general rule should not apply in a situation in which a judgment could not be obtained against the uninsured motorist, albeit such determination was

8

made in the specific circumstance of a discharge in bankruptcy. The general rule was held inapplicable because the Act "was intended to allow for the adjudication of the insurer's liability to the insured under the contract of insurance whether the uninsured motorist is known or unknown; thus, the insurance company is the real party in interest and not the uninsured motorist." *Tinsley v. Worldwide Ins.Co.*, supra at 810. Indeed, "to allow an insurer to escape liability under its contract because of the uninsured motorist's" immunity from suit, "would be contrary to the purpose of the Act." Id.

There is no meritorious reason for not applying such reasoning to a tortfeasor who is partially shielded by sovereign immunity. Certainly, it defies logic to refuse to allow an insurance company to avoid its financial obligations in the situation in which the tortfeasor is fully shielded from litigation by the cloak of sovereign immunity, and yet to permit it to do so when the tortfeasor can claim only partial sovereign immunity.

Also, as observed by the District Court,

> to conclude otherwise would incentivize counties who wish to allow accident victim recovery to not purchase liability insurance under [OCGA] § 33-24-51. Victims of fully immune counties could pursue recovery under uninsured motorist provisions, but victims in counties with some liability insurance could not. Assuming the

9

liability insurance policy limits fell below the amount of a victim's damages, a victim in a county with liability insurance would recover less than one in a county without coverage. Such result is contrary to [OCGA] § 33-24-51's goal of increasing compensation for those injured by employees of the state.

See *Crider v. Zurich Ins. Co.*, 222 Ga. App. 177, 179 (1) (474 SE2d 89) (1996) (legislative intent in enacting a waiver of sovereign immunity was to allow for compensation of parties injured by employees and agents of the state through the purchase of liability insurance where recovery is otherwise barred).

Finally, to treat this situation in which the at-fault driver has inadequate insurance, i.e., is underinsured, disparately from that in *Tinsley*, where the at-fault driver had no insurance, i.e., is uninsured, ignores both Georgia's statutory definition of "uninsured motorist" which encompasses the motorist who is "underinsured" and the plain language of the FCCI insurance policy at issue. See footnotes 2 and 6, supra.

## CONCLUSION

An insured party can recover under an uninsured motorist insurance policy providing that the insurer will pay sums "the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle" despite the partial sovereign immunity of the tortfeasor.

Certified question answered.  All the Justices concur.


Decided May 11, 2015.

Certified question from the United States Court of Appeals for the Eleventh Circuit.

Goodman McGuffey Lindsey & Johnson, Robert M. Darroch, Stephanie F. Glickauf, for appellant.

Bryant & Cook, Malcolm F. Bryant, Jr., Paul K. Cook, Daniel J. O'Connor; Bart, Meyer & Company, Ansley B. Threlkeld; Thomas W. Everett, for appellees.