[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10266
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00191-BAE-GRS


FCCI INSURANCE COMPANY,

                                                    Plaintiff - Appellant,

versus

MCLENDON ENTERPRISES, INC.,
BROOKS LAMAR MITCHELL,

                                                    Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 27, 2015)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

This case arises from an automobile collision between a vehicle driven by Brooks Lamar Mitchell in his capacity as an employee of McLendon Enterprises, Inc. (McLendon), and an Evans County school bus. The district court, applying Georgia law, determined that Mitchell could recover under McLendon's policy with FCCI Insurance Co., which promised to pay sums he was "legally entitled to recover" from an uninsured motorist. The district court found that Mitchell could make a claim under this provision even though Evans County's partial sovereign immunity prevented Mitchell from establishing in a lawsuit that he was legally entitled to recover the full amount of his damages from Evans County.

In the first panel decision in this case, we certified the following question to the Georgia Supreme Court:

> Can an insured party recover under an uninsured-motorist insurance policy providing that the insurer will pay sums "the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle" despite the partial sovereign immunity of the tortfeastor?

*FCCI Ins. Co. v. McLendon Enters., Inc.*, 573 F. App'x 919, 921 (11th Cir. 2014).

The Georgia Supreme Court answered the question in the affirmative. *FCCI Ins. Co. v. McLendon Enters., Inc.*, __ S.E.2d __, 2015 WL 2166731 (Ga. May 11, 2015). Given the Georgia Supreme Court's resolution of the certified issue, the

2

district court did not err in determining Mitchell could recover under McLendon's uninsured-motorist coverage despite Evans County's partial sovereign immunity and Mitchell's inability to establish its full liability to him.  Accordingly, we affirm the district court's grant of summary judgment in favor of Mitchell.

**AFFIRMED.**